## Aspden's Appeal.

1. Before the Act of 14th April, 1853, giving jurisdiction to a single judge of the Quarter Sessions in Philadelphia county, one judge only of that Court had not jurisdiction of cases arising under the poor laws.

2. The clerk of the sessions, in a controverted matter, had no power to enter a judgment or order in the absence of the judge who directed it although a written order had been transmitted by the judge for the purpose. The sentence, judgment, or order in a case in the sessions should be pronounced *in open Court*.

CERTIORARI to the Court of Quarter Sessions, *Philadelphia.*

On complaint to an alderman by the wife of the appellant that he refused to support her, he was bound in recognisance to appear at the next Court of Quarter Sessions. On 22d June, 1850, the Court of Quarter Sessions being held *by a single judge*, the defendant was ordered to pay a weekly sum for her support. A bond with surety was given. In September following the wife returned home; but, in May, 1851, she again left, and made application

[Aspden's Appeal.]

to the overseers of the poor, who received her under the order of June, 1850.

On 14th May, 1851, on the part of the husband, a rule was obtained, in the Sessions, upon the overseers, to show cause why the order of June, 1850, should not be revoked. Depositions were taken under the rule, which were read in Court, and were taken away by the judge. On 9th August, the judge not being in Court, sent, with the depositions, to the clerk's office a written order discharging the rule and confirming the original order which had been made by him. From such order the appeal was taken. The fact that the judge was not in Court when the last order was entered, and that the order was sent by him to the clerk's office, was certified by the clerk.

It was specified for error: 1. That a Court of Quarter Sessions, held by *one* judge, had not jurisdiction of this case. 2. That the second order was informal and illegal, not having been delivered or announced *in open Court.*

Two other assignments related to the merits of the case.

In the case of Commonwealth *v.* Nathans, 2 *Barr* 138, it was decided in 1846, that one judge only, holding a Court of Quarter Sessions in Philadelphia, had no jurisdiction of cases arising under the poor laws. In the case of Commonwealth *v.* Martin, *Id.* 244, it was decided that, under the constitution, a single judge is competent to hold a Court of Quarter Sessions when so directed by the legislature; and, in the Act of 14th April, 1853, it was provided that proceedings under certain Acts relating to the poor of Philadelphia, may be had before one judge of the Court of Common Pleas, holding a Court of Quarter Sessions. See *Acts,* p. 418.

*McLaughlin,* for the appellant.—It appears from the record that but *one* judge held the Sessions in June, 1850, when the original judgment was pronounced. He had not jurisdiction of it: 2 *Barr* 138, 144. 2d. The publicity of judicial administration is material to its purity. A place and time is prescribed for holding Courts of Quarter Sessions. Article 6 of the amendments to the United States Constitution, and the 9th section of the 9th article of the state constitution, require not only a speedy, but a *public* trial in criminal prosecutions. The trial and judgment are inseparably connected.

The case decided in 1851, was on a new complaint, the wife having returned to her home after the first order.

The opinion of the Court was delivered by

LEWIS, C. J.—The order complained of was made before the

passage of the Act of 14th April, 1853, giving jurisdiction to a single judge of the Court of Quarter Sessions of Philadelphia, in cases of this kind. It seems to have been decided in the Commonwealth *v.* Nathans, 2 *Barr* 138, that, under the law as it then stood, a single judge had no authority to take cognisance of cases arising under the poor laws. The order of the 9th August, 1851, is therefore void.

Proceedings in the Court of Quarter Sessions should be conducted in such a manner as to afford to the parties an opportunity to know how far their rights are affected by them. If a sentence or judgment be given, or an order made in a cause, it should be pronounced in open Court. The clerk cannot, in a controverted matter, enter a judgment, sentence, or order, in the absence of the judge who directs it, although written directions may have been transmitted for the purpose. All Courts are to be open, and all parties duly served with process are bound to know everything that is openly transacted at the regular and adjourned sittings of these tribunals. The limitations upon the right of appeal and writ of error begin to run from the time the decision is made. But this would be unjust, if a decision might be privily entered by the clerk in pursuance of a written order from a judge not present. The order complained of was therefore erroneous, for the reason that it was not made in open Court.

> The order of the 9th August, 1851, discharging the rule of the 14th May, 1851, is vacated; and the record remitted for further proceedings according to law.