## Commonwealth, Appellant, *v.* Matis.

*Liquor laws—Selling without license—Sentence—Improper sentence— Act of May 13, 1887, P. L. 108.*

Under the Liquor Law of May 13, 1887, P. L. 108, the court of quarter sessions has no authority to impose a fine of $200 and costs on a conviction of selling liquor without a license. The court cannot in imposing the sentence go below a fine of $500 and three months' imprisonment as provided by sec. 15 of the act. The court cannot correct such a sentence after the expiration of the term, and at a time when the court is not in actual session. The correction of the mistake in the sentence must be made in open court.

Argued Oct. 7, 1913. Appeal, No. 9, March T., 1914, by plaintiff, from judgment of Q. S. Susquehanna Co.,

April Sessions, 1913, No. 9, on verdict of guilty in case of Commonwealth v. Anthony Matis. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Indictment for selling liquor without a license.
The opinion of the Superior Court states the case.

*Errors assigned* were the two sentences quoted in the opinion of the Superior Court.

*John Ferguson,* with him *H. A. Denney,* for appellant.— The punishment for a crime must be that provided by the statute, which the courts have no power to alter or vary: Daniels v. Com., 7 Pa. 371.

A person convicted of crime has no right to be heard by the judge or court after sentence, especially after the term: Aspden's App., 24 Pa. 182; Commonwealth v. Mayloy, 57 Pa. 291; Commonwealth v. Grow, 48 Pa. Superior Ct. 373; Commonwealth v. Nuber, 6 Pa. Superior Ct. 420.

No printed brief for appellee.

OPINION BY HENDERSON, J., February 20, 1914:
The defendant was convicted of selling liquor without a license under the act of May 13, 1887, P. L. 108; whereupon, on April 24, 1913, the sentence was pronounced that the defendant pay a fine of $200 and costs of prosecution and stand committed until the sentence was complied with. On April 29, 1913, the trial judge filed with the clerk of the court an order in the following form as set forth in the second assignment of error: "Now April 29th, 1913, the sentence in this case is reconsidered and it is ordered as follows: (1) That the defendant pay the costs. (2) That he be of good behavior in the future, any violation of the license law to be deemed a breach of this condition whereupon he shall be subject to

sentence. (3) That he enter into recognizance in the sum of Five Hundred Dollars conditioned according to law for his appearance in this Court when wanted." To this action of the court exception was taken by the commonwealth. The appeal raises two questions: first, Was the sentence imposed on April 24, a valid judgment? and second, was the order filed May 29, a sentence of the defendant?

It is clear that there was no authority to impose the fine of $200 and costs of prosecution. The act of 1887 provides a minimum penalty of $500 fine and three months' imprisonment for the offense of which the defendant was convicted and a maximum penalty of $5,000 fine and twelve months' imprisonment. The penalty to which the defendant was subject was limited by these extremes. It was of course within the discretion of the court to impose the lightest sentence provided for, but the statute defining the crime and declaring the penalty must be the guide in its imposition. No discretion is vested in the court to impose a different punishment. The amount of the penalty was evidently inadvertently fixed by the court. There was no suspension of sentence or anything in the form of the judgment leading us to think that there was any other purpose in the mind of the court than to pronounce a judgment on the verdict. The sentence must therefore be regarded as invalid because of this oversight on the part of the learned trial judge.

The objection to the order filed on April 29, is that it was not made during a session of the court. It appears from the record brought up that the court of quarter sessions adjourned on April 24 and was not in session on the 29th. It would have been within the power of the court to have corrected the mistake made in the sentence imposed April 24, but this should have been done in open court. If the defendant is to be bound by the action of the court in pronouncing judgment on him he is entitled to have such action taken in open court.

The clerk had no authority even on the written direction of the trial judge to enter the sentence when the court was not in session. The sentence is the act of the court and becomes a part of the public record of the proceedings of that tribunal: Aspden's Appeal, 24 Pa. 182. It does not appear that any motion for a new trial or an arrest of judgment was filed or that any action was taken by the defendant looking to a modification of the sentence. The order filed on April 29 was apparently an act of the trial judge to amend the preceding sentence. As this was not done in court it cannot be held to be a sentence or a suspension of sentence on the verdict. As the case was tried by the learned judge of another district notice was probably not taken of the fact that the court was in recess at the time the order of April 29 was filed. We are constrained to hold that this order was unauthorized and the defendant's situation is that of one convicted but not lawfully sentenced.

The judgment is therefore reversed and the record remitted to the court below to the end that sentence be imposed as provided by law.