## EMMA L. VOGT et al.

### v.

## WILLIAM F. MULLIN.

### [Decided January 19th, 1914.]

1. An executory written agreement to convey land by deed of warranty free from all encumbrances, cannot be reformed on the ground of mutual mistake, and then enforced, on demurrer to a bill for specific performance stating· that the land is subject to a right of way and then charging that through mutual mistake there was an omission to mention in the writing that it was so burdened.

2. *Wirtz* v. *Guthrie, 81 N. J. Eq. (11 Buch.) 271,* followed.

3. The circumstance that the purchaser took a five years' lease contemporaneously with the agreement of purchase and made an entry under the lease does not amount to a part performance, the lease and agreement of purchaser not being interdependent.

*Mr. Joseph Kahrs,* for the complainants.

*Mr. Ralph E. Lum,* for the defendant.

STEVENS, V. C.

This is a demurrer to a bill for specific performance. The bill alleges a written agreement to convey land in Newark by deed of warranty free from all encumbrance. It states that this land

is subject to a right of way and then it charges that through mutual mistake there was an omission to mention in the writing that it was so burdened. The prayer is for reformation and for performance of the agreement as reformed.

Unless I undertake to overrule the case of *Wirtz* v. *Guthrie, 81 N. J. Eq. (11 Buch.) 271,* I must sustain the demurrer. Vice-Chancellor Emery there holds that an executory agreement in writing relating to land cannot be reformed on the ground of mutual mistake, and then enforced. In the leading case of *Woollam* v. *Hearn, 7 Ves. 211,* Sir William Grant shortly gives the reason: "This (parol) evidence is offered, not for the purpose of resisting, but of obtaining a decree, first to falsify the written agreement and then to substitute in its place a parol agreement to be executed by this court." The American editors of *Leading Cases in Equity,* in a note to this case, say—*vol. 2 p. 684 (3d Am. ed.)*:

"As the statute of frauds expressly provides against the creation of any estate or interest in land without writing, it necessarily follows that if a party who is seeking to obtain a specific performance of such a contract gives parol evidence to prove that the contract is vitiated by fraud or mistake, he necessarily destroys his own case, for the evidence shows that the contract as it stands is not the true one and that the real contract is invalid."

The opposite view of Story and Pomeroy is rejected by the vice-chancellor. The case in which he applied the rule is, I think, an extreme one. There the contract as written provided for the sale of two lots for $72,000. The real agreement was for three lots, one having been omitted by the draftsman through inadvertence. By his amended bill, the complainant set out the mistake and offered to convey all three lots for the price named. This offered a strong case for relief, and all the stronger because if he had set out the agreement as written and prayed specific performance of *it,* and, on the defendant's setting up the omitted provision, had submitted to perform that provision as well, he would, according to the English cases, have been entitled to relief. The reason is evident. It is the plaintiff who, in such a case, asks that the agreement as written be performed. The defendant says, it is inequitable to require me to perform because

the writing does not express the real agreement I made. I was to have something more. The plaintiff replies "if that is your objection I will give you what you ask." It is obvious that in this situation the defendant is no longer in a position to resist performance on his part of the agreement as written, for his only ground of complaint, viz., the inequity of compelling performance is removed. Indeed the lord-justices, in *Martin* v. *Pycroft, 2 De G. M. & G. 785,* allowed the complainant to state the whole case in the first instance, and then gave relief.

But the case in hand does not contain the equity that inhered in the plaintiff's position in *Wirtz* v. *Guthrie.* Here complainant cannot by any concession satisfy defendant. He agreed to give an unencumbered lot and he can only give one that is subject to an easement. He is asking defendant to take less than he bargained for, at the same price. He can only compel him to take less by obtaining an alteration of the agreement as written. The agreement that he would enforce must be made out in part by parol and this the statute forbids. *Manser* v. *Back, 6 Hare 443.* Such, at all events, is the rule laid down by Vice-Chancellor Emery, and if it is to be changed it must be by our court of last resort.

But the complainant attempts to show part performance. He alleges that the purchaser took a five years' lease contemporaneously with the agreement of purchase and he alleges an entry under the lease. I have in the case of *Mullin* v. *Vogt,* just decided, stated that in my view the two papers are distinct. Not being interdependent, part performance of the lease is not part performance of the agreement. Even if they could be taken as one, there would have to be shown not only part performance of their written terms and stipulations but also part performance of the parol agreement. No such part performance is shown. There is nothing in the lease that requires the landlord to give a term that shall be freed from the easement.

I think that the agreement of sale is wholly executory and that it is subject to the rule of *Wirtz* v. *Guthrie, supra.*