# Commonwealth *v.* Gormley, Appellant.

*Criminal law—Violation of election law—Evidence—Order of evidence—Discretion of court.*

Where the Commonwealth, on an indictment for conspiracy, produces testimony showing a combination or agreement on the part of two or more defendants to commit a crime or misdemeanor, as charged in the indictment, it has made out a case sufficient to go to the jury. It need not go further and prove affirmatively that the intent was criminal; that may be inferred by the jury from the nature of the combination and its criminal object.

The defendants may introduce evidence tending to show the innocence of their motive or intent, but the jury may convict them

without other evidence of the intent than may be inferred from the conspiracy to commit a crime. The unlawful act which may be the subject of the criminal conspiracy is not necessarily a criminal act.

### Criminal procedure—Order of evidence—Discretion of court.

The order and procedure in a trial is largely within the discretion of a trial court, and this discretion is not abused by variation from the usual order where the purpose of justice requires it.

It is not reversible error to receive, in chief, evidence which might be offered in rebuttal. The test is the real competency of the evidence, and not the order of its reception, and where it was all finally competent, the appellate courts will not reverse because of the time or order of its introduction.

In a prosecution for the violation of the election laws, it was not error for the court to permit the district attorney, after the Commonwealth had rested its case, to reopen it, to offer evidence that a copy of the election law had been delivered to the defendants and that this copy had not been found in the ballot box after the election.

Argued December 13, 1921. Appeals, Nos. 281, 282, 283, 284 and 285, Oct. T., 1921, by defendants, from judgment of Q. S. Schuylkill Co., Jan. Session, 1920, No. 60, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William J. Coyne, Edward Gormley, Joseph Joulwan, A. S. Faust and John Toppy. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for conspiracy to make false return of election and for insertion of false figures on tally sheets in violation of the Act of July 9, 1919, P. L. 839. Before BERGER, J.

The facts are stated in the opinion of the Superior Court and in report of former appeal in 77 Pa. Superior Ct. 298.

The jury returned a verdict of guilty as to the first count. Judgment and sentence was passed. Defendants appealed.

296    COMMONWEALTH *v.* GORMLEY, Appellant.

Assignment of Errors—Opinion of the Court. [78 Pa. Superior Ct.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*James B. Reilly* and *John F. Whalen,* and with them *H. O. Haag* and *M. M. Burke,* for appellants.

*Cyrus M. Palmer,* District Attorney, and with him *C. A. Whitehouse* and *M. A. Kilker,* for appellee.

OPINION BY KELLER, J., March 3, 1922:

The defendants were indicted and tried on two counts: The first, of an executed conspiracy to violate the primary election laws of the Commonwealth (Act of July 9, 1919, P. L. 839), by falsely and unlawfully making a record of votes cast at said election upon the official tally sheets, before the poll was closed and the ballot box had been opened and the ballots counted, and before they could have legally ascertained what number of votes had been cast at said election for any of the candidates voted for thereat; the second, of inserting false figures in the said tally sheets. They were acquitted on the second count and convicted on the first. On appeal to this court the judgment was reversed and a new trial awarded (see Com. v. Gormley et al., 77 Pa. Superior Ct. 298). On the second trial upon the first count, they were again convicted and these appeals followed.

The sole ground of reversal in the prior appeals was that the trial judge refused to permit the introduction of evidence, with respect to the count for conspiracy, tending to show the absence of any unlawful intent or corrupt motive on the part of the defendants, in the doing of the acts complained of as the basis of that charge. We nowhere intimated that the testimony produced by the Commonwealth was not sufficient to take the case to the jury; we only decided that the jury should have been permitted to pass upon the motive or intent of the defendants, as to whether it was criminal or not, and this was done on the present trial. Where

the Commonwealth produces testimony showing a combination or agreement on the part of two or more defendants to commit a crime or misdemeanor, as charged in the indictment, it has made out a case sufficient to go to the jury.  It need not go further and prove affirmatively that their intent was criminal; that may be inferred by the jury from the nature of the combination and its criminal object: 5 R. C. L. 1066, 1072.  The defendants may introduce evidence tending to show the innocence of their motive or intent, but the jury may convict them without other evidence of their intent than may be inferred from their conspiring to commit a crime.  The unlawful act which may be the subject of a criminal conspiracy is not necessarily a criminal act, (State v. Hardin, 144 Iowa 264, 120 N. W. 470, 471), and there may be cases where it is incumbent on the prosecution to produce evidence in proof of the guilty intent of the parties with reference to such unlawful act, but where the conspiracy is to commit a crime or misdemeanor, proof that the parties conspired together to commit it is all that is necessary to support a conviction.

There was sufficient evidence in the case of a conspiracy on the part of the defendants to commit a crime, essentially wrong, and made punishable by our laws, to take the case to the jury and the trial judge committed no error in refusing to direct a verdict of not guilty. The first, ninth and twentieth assignments of error are overruled.

The assignments which relate to the action of the court below in permitting the Commonwealth to reopen its case and introduce testimony tending to show that the defendants had actual knowledge of the provisions of the act of assembly alleged to have been violated, and refusing, subsequently, to strike out such evidence, must also be overruled.  The order of procedure in a trial is largely within the discretion of the trial court: Com. v. Eisenhower, 181 Pa. 470, 476; and this discretion is

not abused by a variation from the usual order where the purposes of justice require it: 1 Thompson on Trials, section 348; McCoy v. Niblick, 221 Pa. 123, 128. The Commonwealth had rested, but the defendants had offered no testimony, when the district attorney out of abundant caution asked for permission to reopen his case and introduce testimony to the effect that a pamphlet containing the provisions of the Act of 1919, supra, had been sent to the judge of election, with the official card of instructions, and that this pamphlet and card had been found in the ballot box when opened in pursuance of law. Sufficient evidence had already been produced to carry the case to the jury. The evidence complained of was competent and relevant and while it might have been held for rebuttal, the defendants were certainly not harmed by its offer in chief. Full opportunity was given them to make defense to the Commonwealth's whole case. The Supreme Court has decided that it is not reversible error for the trial court to receive in rebuttal evidence which was part of the Commonwealth's case in chief: Com. v. Bell, 166 Pa. 405, 413; the converse, receiving in chief evidence which might be offered in rebuttal, is certainly less harmful, if not actually advantageous, to the defendant. The policy of the law, in this respect, is well stated in the case of Carroll v. Com., 84 Pa. 107, 125: "We must look at the real competency of the evidence and not at the order of its reception; and when we find that it was all finally competent, we will not reverse, because of the time or order of its introduction." The same rule is in force in other jurisdictions: Com. v. Ricketson, 5 Metc. (Mass.) 412, 429; State v. Rose, 33 La. Ann. 932, (40 Anno. Ed. 632); Clough v. State, 7 Neb. 320, 341.

The remaining assignments do not merit special or extended consideration. It was not error to admit in evidence the ballot box and contents, and account for the failure to produce the ballots themselves at the trial by showing that when first impounded by the sheriff,

three days after the election, and opened by direction of the county commissioners, all the ballots were missing, and hence there was no way of testing the truth of defendants' testimony that the tally sheet corresponded with the ballots cast. Nor was it an abuse of discretion for the trial judge, after the testimony had closed on both sides and the addresses to the jury had been made, to refuse to permit one of the defendants to be recalled to make an explanation of certain matters referred to by the district attorney in his closing address, which would have been but a repetition and elaboration of his previous testimony: People v. Rector, 19 Wend. (N. Y.) 569, 577. The charge of the court was fair and adequate; and the stress laid on the importance of preserving the purity of the ballot was not undue or improper. The jury were instructed in effect that before they could convict the defendants, they must be satisfied beyond a reasonable doubt, that knowing the act of assembly regulating the conduct of primary elections to exist, they wickedly, fraudulently and unlawfully combined, confederated and agreed together to conduct the election contrary to the provisions of that act, with the actual intention on their part to violate the act of assembly in carrying out their duties as election officers. This was at least as favorable a statement of the law governing the case as the defendants were entitled to.

The assignments of error in the several appeals are all overruled; the judgments are affirmed and it is ordered that the several defendants appear in the court below at such time as they may be respectively there called and that they be by that court committed until they have complied with their respective sentences or any part thereof that had not been performed at the time the several orders of supersedeas were entered.