Commonwealth *v.* Bolish, Appellant.

Argued October 16, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Wm. B. Landis,* for appellant.

*John W. Murphy,* Assistant District Attorney, with him *Michael J. Eagen,* District Attorney, for appellee.

OPINION BY HIRT, J., January 30, 1940:

Defendant was arrested in July 1938 on the suspicion that he was guilty of a robbery committed in Lackawanna County about two months before his arrest. He was tried, convicted, and sentenced. The order of the trial court overruling defendant's demurrer to the evidence and the refusal of a new trial are assigned as error. That a robbery was committed is conceded and the issue on the trial of the defendant was one of identity.

The prosecutor Steven Walsh was employed by the McGinley Coal Company as weighmaster working from five in the evening to seven in the morning. He worked alone and was stationed in a small office building on Moosic Road near Old Forge. He testified that about 2:30 in the morning of May 5, 1938 the defendant entered the building, stating that he wanted to use the telephone; that once inside he produced a gun and ordered Walsh to open the door in the partition dividing the office and then robbed him, taking money from his person and a small sum from the cash drawer of a desk in the office.

Two months after the robbery a State police officer brought the defendant to the office of the Coal Company and Walsh testified that on that occasion though he was sure that the defendant was the man, he wanted to see more of him before expressing an opinion. He saw him again at the jail the next morning and after observing him and hearing his voice he positively identified the defendant as the robber. At the trial also, he was positive in his identification.

That this testimony standing alone is sufficient proof

of identity, will be conceded. On cross-examination, however, it was developed that at a former trial of this case when asked, "Is there any doubt in your mind that this is the man that held you up?" Walsh replied; "There is a little, yes." and to another similar question; "Well I am not sure of it." There is other testimony to the same effect. On the other hand, elsewhere in his testimony at the first trial he was reasonably positive in his identification, and he accounted for his vacillation by the fact that the night before the case was first tried, he was called over the telephone by an unknown person who suggested that he fail to appear as a witness at the trial and threatened him with injury if he did appear. He explained his failure to identify the defendant unequivocally at the first trial, by saying that he was afraid to tell the truth because of these threats.

Proof of the guilt of the defendant must rest upon the testimony of Walsh alone. Only he identified the defendant and there are no corroborating circumstances outside of his testimony. But in his testimony there is positive identification of defendant which distinguishes this case from the situation presented in *Com. v. Sharpe,* 138 Pa. Superior Ct. 156, 10 A. 2d 120, where the proof of identity was found to be insufficient as a matter of law. Whether the testimony of Walsh was credible in view of the doubt as to identity expressed by him at the former trial in connection with the reason given by him for so testifying, presented a question wholly for the jury. "It was for them to determine, under fair and adequate instructions by the court, the facts and the opportunity afforded the witness for identification and the probative weight to be accorded his testimony": *Com. v. Tracey,* 130 Pa. Superior Ct. 15, 196 A. 549; *Com. v. Ronello,* 242 Pa. 381, 89 A. 533. The threats which were communicated to him over the telephone are sufficient explanation of the discrepancies in his testimony at the first trial. There are also, a number of

circumstances which make for credibility in Walsh's testimony. The room where the robbery occurred was only ten feet square and was well lighted; the robber was unmasked and Walsh had an opportunity of observing him at close range and, from the threats and demands made by the robber, to become familiar with the quality of his voice. "The sound of the voice is a relevant circumstance to be considered on the question of identity": *Com. v. Derembeis*, 120 Pa. Superior Ct. 158, 182 A. 85. Walsh's attitude was conservative and indicated a consciousness of the responsibility upon him. Eight men were brought to him at different times; the ninth was the defendant whom, if Walsh's testimony be accepted as true, as we must assume it was accepted by the jury, he at once recognized as the robber. The fact that he deferred expressing an opinion as to defendant's identity until the next day when he had had another opportunity of observing him and hearing his voice, does not necessarily detract from the value of his testimony but on the other hand may be considered as adding to its weight.

There is no merit in the objection of the defendant that the Commonwealth was permitted to reopen its case after resting. "The order of procedure in a trial is largely within the discretion of a trial court" and allowing the Commonwealth to reopen its case under the circumstances here presented was not error: *Com. v. Gormley*, 78 Pa. Superior Ct. 294.

The case was submitted to the jury by the trial judge in a fair and adequate charge, with due regard for the rights of the defendant, particularly with reference to the care and caution to be observed by the jury in weighing the evidence as to identity: *Com. v. House*, 223 Pa. 487, 72 A. 804. There is sufficient credible evidence to support the conviction and the verdict and judgment should not be disturbed.

The judgment is affirmed and it is ordered that defendant appear in the court below at such time as he

may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.