Commonwealth *v.* Zang, Appellant.

Argued September 30, 1940.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES
and HIRT, JJ.

*John Duggan, Jr.,* for appellant.

*Earle R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY RHODES, J., December 18, 1940:

This appeal is from the conviction of defendant, Philip C. Zang, on one of five indictments which were tried before the same jury. Three of the indictments involved Zang individually, and the two others involved three defendants of whom Zang was one.

The indictment with which we are concerned charged that the defendant, Philip C. Zang, a school director of the School District of the Borough of North Braddock, Allegheny County, unlawfully attempted to accept and receive money, and unlawfully solicited and requested money from one Joseph E. Kirsch, agent and representative of Kirsch & King Company, for voting for a certain matter and action coming before the Board of School Directors of the School District of the Borough of North Braddock, to wit, the purchase of a certain motor truck.[1]

The jury returned a verdict of guilty; the motion for new trial was refused; and defendant was sentenced. This appeal by him followed.

Appellant has presented three questions, and the argument is predicated thereon. He contends: (1) That the trial judge erred in allowing the Commonwealth to reopen its case and introduce additional testimony; (2) that a motor truck is not a school supply within the

---

[1] "Any school director, officer, superintendent, supervising principal, or teacher, who shall ask for or accept money or other valuable thing for his vote, recommendation, or influence, in order to secure the recommendation, adoption, rejection, or purchase of any school books, school furniture, or other school supplies, from any person, firm, association, or corporation, or any agent or representative thereof, either directly or indirectly, shall be guilty of a misdemeanor......": Act of May 18, 1911, P. L. 309, art. 7, § 711, 24 PS § 833.

meaning of the School Code, Act of May 18, 1911, P. L. 309, 24 PS § 1 et seq.; and (3) that the evidence was insufficient to sustain the verdict.

We shall consider these questions in the order in which they have been argued.

(1) During the trial, Kirsch, a witness for the Commonwealth, testified that, as far as he could remember, appellant called upon him after the contract for the truck had been awarded, but before its delivery, and asked him for a one hundred dollar contribution. At the conclusion of this testimony motion was made to strike the testimony from the record for the reason that it did not meet the allegations in the indictment. The motion was granted by the trial judge, and there was no other testimony offered at that time to connect appellant with the charges contained in the indictment. After appellant's motion was granted, testimony in defense was produced pertaining to the charges contained in the other indictments. The following morning the trial judge, over appellant's objection and exception taken, granted a motion by the Commonwealth to allow Kirsch to be recalled. Kirsch then testified that he was mistaken in his testimony given the previous day, and that the conversation with reference to the request by appellant for one hundred dollars "on the strength of the deal" was prior to the time the contract was awarded. This testimony was in conformity with that which he had previously given before the grand jury. Appellant, when he took the stand, admitted that he had asked Kirsch for one hundred dollars, but claimed he approached Kirsch the day after the contract had been awarded by the board.

Appellant now complains that it was error for the trial judge to permit the Commonwealth to reopen its case after the court granted appellant's motion to strike Kirsch's testimony from the record, and after some evidence had been submitted for the defense in relation to the other charges which were pending.

We may concede that orderly procedure would naturally suggest the production of Kirsch's testimony as part of the Commonwealth's case when Kirsch was first called. However, Kirsch's testimony was only a part of the Commonwealth's case, as the trial involved five bills against appellant. When first called Kirsch's testimony was a surprise to the Commonwealth, and under the circumstances we find no reversible error in the action of the trial judge in allowing the Commonwealth to subsequently recall him. The order in which a trial shall proceed must be left largely to the discretion of the court. *Commonwealth v. Eisenhower,* 181 Pa. 470, 476, 37 A. 521; *Commonwealth v. Viscosky et al.,* 83 Pa. Superior Ct. 96, 106. This discretion is not abused by a variation from the usual order where the purposes of justice require it. *Commonwealth v. Gormley,* 78 Pa. Superior Ct. 294, 298. When Kirsch was recalled the defense had not rested, and the taking of testimony had not been concluded. Allowing the Commonwealth to reopen its case was a matter within the discretion of the trial judge, and as we find no abuse of that discretion in so acting we will not interfere. *Commonwealth v. Biddle (No. 1),* 200 Pa. 640, 646, 50 A. 262; *Commonwealth v. Bolish,* 138 Pa. Superior Ct. 598, 601, 10 A. 2d 785.

In appellant's brief the statement is made that appellant moved to strike the testimony of Kirsch from the record, and to direct a verdict for appellant, which motion was granted by the court. The record is not in accord with this conception of the proceedings. Appellant's motion did not include a request for a directed verdict. The record discloses that the only motion made and acted upon was appellant's motion to strike from the record the testimony of Kirsch. But prior to the charge of the court appellant did present a point for a directed verdict, which was refused.

(2) It is also urged upon us that a motor truck is not a "school supply" within the meaning of section

711 of the School Code, 24 PS § 833. This point was not argued in the court below, and is raised for the first time on this appeal. It is the long established and just rule that a trial court will not be reversed on matters in no way called to its attention, but raised for the first time on appeal, unless there has been some basic or fundamental error seriously affecting the merits of the case and imperatively calling for reversal. *Sikorski v. Philadelphia & Reading Railway Co.*, 260 Pa. 243, 249, 103 A. 618; *White et al. v. Moore et al.*, 288 Pa. 411, 417, 136 A. 218. Even if the rule should not be here applied, we are unable to agree with appellant's construction.

Section 701 of the School Code, 24 PS § 821, provides: "The boards of school directors of each school district in this Commonwealth shall purchase all necessary furniture, equipment, textbooks, school supplies, and other appliances for use of the public schools, or any department thereof, in their respective districts......"

Section 706 of the School Code, as amended, 24 PS § 828, divides school supplies into two classes. "The first class shall include school desks, chairs, typewriters, and school apparatus. The second class shall include maps, globes, and all other supplies, except textbooks necessary for school use, not included in the first class." We are of the opinion that the term "other supplies ...... not included in the first class" is sufficiently comprehensive to include a motor truck.[2] It is true that section 711, 24 PS § 833, being penal in nature, must be construed strictly, but "strict construction is not the same thing as construing everything to defeat the action. This is not what is meant by the expression": *Bartolett v. Achey,* 38 Pa. 273, at page 277.

---

[2] There may be some "school supplies" which do not necessarily enter into the "cost of tuition" as defined in section 1441 of the School Code, as amended, 24 PS § 1480, and section 1716 of the School Code, as amended, 24 PS § 1595; and these sections do not determine that the legislature intended to restrict the term "school supplies" to only those things used by pupils or in classrooms.

Certainly it could not be claimed that a motor truck would come under article 6 of the School Code, 24 PS § 671 et seq. It is not a *material* needed in connection with the maintenance of school buildings. Rather, it is within article 7 of the Code, 24 PS § 821 et seq. The need for the purchase of such a supply or appliance for use in connection with the operation of the schools in the district is a question to be answered by the school board in the exercise of a cautious discretion. A motor truck in a district having a number of separate school buildings could be put to various uses, and it may be assumed that it would be used for the purpose of transporting in the school district furniture, equipment, books, school supplies, and other appliances for use in the various schools. Such use may reasonably be construed to be for educational purposes, the same as the use of furniture, equipment, appliances, and other supplies required in the efficient operation of the schools. In this respect it would be "that which supplies a want," which is Webster's definition of a "supply." We conclude that the motor truck in this case was at least a "school supply" under section 711 of the Code, 24 PS § 833, and other related sections. In view of our conclusion, we shall not go into a discussion of the possible validity of the indictment and conviction under the common law or under The Criminal Code, Act of March 31, 1860, P. L. 382, as amended, 18 PS § 1 et seq.

In *Commonwealth ex rel. District Attorney v. Jackson et al.,* 248 Pa. 530, 94 A. 233, our Supreme Court had occasion to recognize soliciting and accepting a bribe by a school director in the purchase of doormats, as within section 711 of the Code, 24 PS § 833.

Appellant relies on *White et al. v. Moore et al.,* supra. It was there held that coal was not a school supply of the second class of section 706 of the Code, as amended, 24 PS § 828, and that the letting of such contract was covered by section 617 of the Code, as amended, 24 PS § 763. The question was the proper classification of coal—whether its purchase was governed by section 617

or section 708, 24 PS §§ 763, 830, both requiring competitive bidding after due advertisement. In that case the court held, 288 Pa. 411, at page 415, 136 A. 218, at page 220: "While the purchase of coal is not necessarily the 'furnishing' of heat, it is necessary to the 'maintenance' of the school buildings in a 'proper manner' within section 601 of the act, and the 'manner herein provided' for letting the contract is covered by section 617, as amended by the Act of July 10, 1919, P. L. 889......"

(3) Appellant finally contends that there is insufficient evidence to support the verdict of guilty, and that it was error for the trial judge to refuse a point for a directed verdict in favor of appellant. It was for the jury to examine the facts, to consider the credibility of the witnesses, to weigh the force and ascertain the value of the contradictory testimony. Appellant admitted that he had talked with Kirsch the day after the order for the truck was given, and asked him for one hundred dollars from the purchase price of the truck. It is true that Kirsch testified at first that this was the correct time of the solicitation, but subsequent thereto took the stand and corrected this statement. In view of Kirsch's changed story the trial judge very properly instructed the jury to carefully scrutinize his testimony before believing it. Appellant admitted the request, and may have sought to avert the result by placing the time that it was made a day after the contract was awarded. Kirsch's testimony that appellant asked him for one hundred dollars on the strength of the deal before the contract for the truck was awarded by the school board, together with appellant's admission, is clearly sufficient to sustain the verdict.

Assignments of error are overruled.

Judgment is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentence, or any part thereof

which had not been performed at the time the appeal in this case was made a supersedeas.