## Commonwealth v. Bird, Appellant.

Argued April 26, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*B. D. Oliensis,* for appellant.

*Abraham Berkowitz,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., July 16, 1943:

Three appeals were argued together and will be disposed of in one opinion.

APPEAL No. 95, OCTOBER TERM, 1943

Florence Bird, a colored woman about sixty years of age, was indicted on bill No. 745, January Sessions, 1943, containing four counts charging: (1) assault and battery; (2) assault and battery with intent to steal; (3) larceny; and (4) receiving stolen goods. She was tried before CARROLL, J., and found guilty on the last three counts and given a sentence of from five to ten years, which later was reduced to two and one-half to five years, in the county prison.

The principal question raised in this appeal is whether the evidence as to defendant's identity is sufficient to sustain the conviction.

Louis Giordano, the prosecutor, testified that around noon in the early part of July 1942 a colored woman entered his tailor shop at 1328 Porter Street, Philadelphia, and "frisked" him by running her hand up and down his leg. When she left he discovered his wallet containing $770 was gone and another substituted containing pieces of newspaper. Giordano at the trial was not able to identify defendant as the woman who took his money. His testimony on the question of defendant's identity was as follows: "Q. Was that the woman that was present at the station house and the woman that you identified (indicating the defendant) A. The only thing, that woman that came in to me had a mole here with hair sticking out pretty near an inch, which this woman hasn't ...... Q. Did you identify her at the magistrates? A. I said that's the woman ...... Q. Now, here in court now, is this the woman? A. Well, under the circumstances that she hasn't got that mole and I thought she was a taller woman, my conscience wouldn't say that was the real woman, that's all I can say." Two police detectives testified on the trial that the prosecutor Giordano had identified the defendant at the magistrate's hearing.

The commonwealth contends that the testimony es-

tablishing that the prosecutor had previously identified the defendant at the magistrate's hearing was admissible under our ruling in *Commonwealth v. Goetz*, 129 Pa. Superior Ct. 22, 29, 30, 195 A. 144, and that it was sufficient to establish defendant's identity and sustain the conviction. In the *Goetz* case we cited with approval the statement appearing in Wigmore on Evidence, Vol. IV, Third Edition, §1130, that evidence of prior identification is admissible by way of *corroboration* of an identification made at trial. Here the prosecutor could not identify the defendant at the trial. He did not confirm, but rather disavowed, the truth of his former identification.

It is true defendant took no action during the trial questioning the sufficiency of the evidence to support the conviction. Ordinarily questions not raised in the court below are not considered by us on appeal unless the error is basic and fundamental: *Commonwealth v. Kahn*, 116 Pa. Superior Ct. 28, 30, 176 A. 242. We think, however, in this criminal case that there was such a serious error committed, as the commonwealth clearly failed to make out a case warranting a conviction under this indictment, that we cannot ignore it. One should not be deprived of his liberty because of the inadvertence of a trial judge or oversight of counsel in failing to call attention to the error which offends against the fundamentals of a fair and impartial trial: *Commonwealth v. O'Brien*, 312 Pa. 543, 168 A. 244. The commonwealth's attempt to identify the defendant failed completely so that the conviction on this bill cannot stand. No class of testimony is more uncertain and less to be relied upon than that as to identity and like any other essential element in a criminal case, must be proven beyond a reasonable doubt: Wharton's Criminal Evidence, Vol. 2, p. 1626, §932. The situation here is similar to that in *Commonwealth v. Sharpe*, 138 Pa. Superior Ct. 156, 10 A. 2d 120. We there stated, p. 161: "The witnesses from their observation of the ac-

cused were unable to convince themselves to a moral certainty that the defendant is the culprit, and the jury, therefore, should not be permitted to say that this testimony without corroborating facts or circumstances can serve as proof of guilt beyond reasonable doubt." We infer from what appears before us that the commonwealth produced all the evidence it could so that there is no reason for awarding a new trial.

APPEAL NO. 96, OCTOBER TERM, 1943

The defendant, three days subsequent to her conviction on bill No. 745, was tried and convicted before CARROLL, J. without a jury on bill No. 1005, January Sessions, 1943, containing the same charges as those in bill No. 745. The name of the prosecutor, the date of the offense, and the amount of money averred to have been stolen, namely $5, are different. The commonwealth produced testimony that on a Saturday night in September 1942, the defendant grabbed Charles Barlam by the coat and pulled him into a hallway of a building on the pretext of telling him she could furnish women for immoral purposes. She ran her hand up and down his leg in an unsuccessful attempt to pick his pockets. He became "scared" and "suspicious" and returned to the street. A few moments later the defendant was apprehended and arrested by a police officer. Defendant's counsel at the close of the commonwealth's testimony interposed a demurrer which was immediately overruled. No formal objection or exception to this action, nor to the judgment or sentence, was taken in the court below.

This prosecutor sufficiently identified the defendant, but the commonwealth failed to show any money was taken from his person. Evidence was clearly insufficient to support a finding of guilty of any of the charges made in the bill except that of assault and battery. "The least touching of another's person wilfully or in anger, is a battery." 3 Blackstone's Com. 120. In *Commonwealth v. Gregory,*

132 Pa. Superior Ct. 507, 1 A. 2d 501, this court approved the definition of the American Law Institute of a battery given in Restatement, Torts, §18: "An act which, directly or indirectly, is a legal cause of a contact with another's person or with anything so closely attached thereto that it is customarily regarded as a part thereof and which is offensive to a reasonable sense of personal dignity, although involving no bodily harm, makes the actor liable to the other, if (a) the act is done with the intention of inflicting a harmful or offensive contact upon the other or a third person or of putting the other or a third person in apprehension thereof, and (b) the contact is not consented to by the other, and (c) the contact is not otherwise privileged." All the essential elements of the crime of assault and battery were proven. That is the only count in this bill that can be upheld.

The trial judge's action in overruling the demurrer is assignable as error on appeal without a formal exception: Section 6 of the Act of May 11, 1911, P. L. 279, 12 PS §1201; *Commonwealth v. Marino*, 142 Pa. Superior Ct. 327, 331, 16 A. 2d 314.

APPEAL No. 97, OCTOBER TERM, 1943

Defendant was tried and convicted on bill No. 132, February Sessions, 1943, at the same time as on the previous bill No. 1005, January Sessions, 1943. This indictment likewise charged assault and battery, assault and battery with intent to steal, larceny, and receiving stolen goods.

The prosecutor, Max Shusterman, a man seventy-two years of age was walking near Seventh and Snyder Streets when someone tripped him, a "black woman" picked him up and in the process picked his pocket of his wallet containing $20. When asked to identify the woman at the trial this prosecutor said: "I can't tell. I'm not sure." He admitted however, identifying her previously before the magistrate. The only other evidence as to identification was given by the witnesses

who stated that the prosecutor had identified the defendant at the magistrate's hearing. As the prosecutor could not identify defendant at the trial, a conviction cannot be sustained in the absence of other testimony or circumstances pointing to identification, as we have earlier stated in this opinion.

At the close of the trial, after defendant had demurred without success to the present bill and the court, sitting without a jury, had adjudged her guilty, the district attorney attempted to introduce additional evidence on the question of identity. The record discloses the following colloquy: "The Court: Well, the district attorney says that a man named Horowitz will identify this defendant as the woman who had this Mr. Shusterman in the doorway of this dental office. However, there is enough here to sustain a verdict of guilty without it. Mr. Salus [counsel for defendant]: Well, your honor has found her guilty on that bill. What is the use of my objecting? I will agree he would so testify. The Court: It is agreed that if he were here he would so testify. Well, make your statement about it, Mr. Berkowitz." The district attorney then read into the record a statement that Horowitz would testify he saw the defendant accost Shusterman, and would identify defendant as the woman who picked Shusterman up after which defendant's attorney stated: "The reason I agree to it is that your honor has already intimated you were going to find a guilty verdict in this case, and it makes little or no difference."

The statement read into the record after the conclusion of the case and after the trial judge had adjudged her guilty, under the erroneous impression that there was already sufficient evidence in the record to convict, was clearly improper. Defendant's counsel indicated his only reason for acquiescing in such procedure was that appellant had already been adjudged guilty.

It is generally within the discretion of the trial court

to allow the commonwealth to reopen its case after it has rested (*Commonwealth v. Bolish,* 138 Pa. Superior Ct. 598, 601, 10 A. 2d 785) but reception of evidence after a finding of guilty is entirely a different matter. It would be unfair to this appellant, notwithstanding she has a long criminal record, to allow such evidence to be considered as supporting a finding of guilty. It may be the district attorney can produce this witness on a retrial and furnish testimony, which, if believed, would be sufficient to convict. We think that opportunity should be given.

Judgment entered on bill No. 745, January Sessions, 1943, appeal No. 95, October Term, 1943, is hereby reversed and defendant discharged.

Conviction on the first count in bill No. 1005, January Sessions, 1943, is affirmed with directions to the court below to sentence the defendant on the charge of assault and battery only. Judgment entered on the second, third, and fourth counts in this indictment is reversed and the defendant discharged as to these counts.

The judgment is reversed in bill No. 132, February Sessions, appeal No. 97, October Term, 1943 with directions that a new trial be granted the appellant.