This is a suit for specific performance.
Complainants allege that they are the owners of certain real estate known as No. 138 Lake Drive, Mountain Lakes, New Jersey, which are more particularly described in the bill of complaint by metes and bounds; that on September 11th, 1943, they entered into a written agreement with the defendant *Page 487 
to convey said premises to him for $12,500, of which amount he paid $625 upon the signing of the contract and agreed to pay the further sum of $1,875 upon the delivery of the deed and to execute a purchase-money mortgage for the balance; that the tender of the deed was made and refused, and that the defendant refuses to perform his contract although the complainants have been and are still willing to perform their part of said contract.
On final hearing it appeared that the property consists of a parcel of land, irregular in shape, on which is erected a dwelling with an attached garage in the rear. There is a sweeping driveway, with two curb line openings, leading to the main entrance of the building and curving around the side of the house to the garage. The grounds are landscaped and two rows of hedges run along the northeast and southwest limits of the tract. (I will hereafter refer to the boundary lines as the north and south lines.)
On September 11th, 1943, the parties entered into said contract. The description by metes and bounds contained in the contract is not the description set out in the bill of complaint. The description in the contract first describes the premises by reference to a filed map, as lots Nos. 58, 60 and 62, and then continues with a description by metes and bounds which corresponds to the area of the said three lots as shown on said map. Before the contract was executed, and at the request of the attorney of the defendant, the description was supplemented by the insertion of the following, which was placed at the end of the description by metes and bounds; to wit, "Premises being now known as No. 138 Lake Drive, Mountain Lakes, N.J."
The title search disclosed that the description contained in the contract was incorrect. It appeared that the lot and block description should have also included lot No. 64; that the metes and bounds description should have included the land embraced within lot No. 64; and that a portion of lot No. 58 did not belong to the complainants for the reason that one of complainants' predecessors in title had conveyed from lot No. 58, a strip of land ten feet wide for the full depth of the lot. The said ten-foot strip lies immediately outside of the *Page 488 
northerly boundary of the premises and is a part of the adjoining owner's driveway.
When this situation was called to the attention of complainants, their attorney attempted to adjust the matter by acquiring the ten-foot strip in question but without success. The complainants have always been willing to convey lot No. 64, and the deed which they tendered included said lot, which they concede was inadvertently omitted from the description in the contract. Complainants are willing to convey all of lots Nos. 60, 62, 64 and so much of lot No. 58 as remains after deducting the said ten-foot strip. This land is all that lies between the northern and southern lines marked by the hedges. Defendant personally viewed said premises a few days before the contract was signed.
Complainants argue that the defendant in agreeing to purchase No. 138 Lake Drive intended to acquire the lands which are set off by the two hedgerows and that, therefore, the error in the metes and bounds description and in the lot numbers, as set forth in the contract, is not fatal. The ten-foot strip northerly from the hedge is plainly a part of the driveway of the adjoining property, and the defendant, on cross-examination, admitted that he did not believe he was buying a part of the lands of the adjoining owner. The fact that the description by street number was added to the contract description, at the suggestion and request of the attorney of the defendant, is also persuasive of the correctness of the contention made by the complainants.
The map, "Exhibit C-7" in evidence, shows the lines of the driveway on the premises in question, from which it appears that a substantial portion of the driveway is laid out over the front of lot No. 64. Defendant contends that he did not contract to buy that lot, the southerly line of which is marked by a hedgerow, and that he did intend to buy that part of lot No. 58 which is north of the northerly hedge and on which there is located a substantial part of the driveway on the adjoining owner's property. This contention seems absurd.
The defendant relies on the case of Wirtz v. Guthrie,81 N.J. Eq. 271. In the Guthrie Case, complainant agreed to *Page 489 
convey and the defendant agreed to buy certain property under a written contract. The property consisted of three lots, the middle lot of which was inadvertently omitted from the description. Complainant then offered to convey the lot omitted and the defendant refused to accept the deed. Complainant thereupon asked for a reformation of the contract to include the omitted lot and for specific performance of the agreement as reformed. To this the defendant demurred on the ground that under the statute of frauds there was no agreement in writing as to the third lot. The court held that where there is a mistake in an executory agreement, parol evidence may be received, but where the defendant insists upon the benefit of the statute, the court will not reform the contract on parol evidence and then order it to be specifically enforced as reformed.
As pointed out by Vice-Chancellor Stevens in the case of Vogt
v. Mullin, 82 N.J. Eq. 452, this is hard law. The case ofWirtz v. Guthrie, supra, is distinguishable from the case before me.
In order to have specific performance of a contract for the sale of real estate, the law requires certainty, but only such a degree of certainty as is comprehended by the expression "a reasonable certainty." If the contract in question had not referred to the street number, the defendant would be in a better position to maintain his argument. Since the reference was included in the contract at the insistence of the defendant, its interpolation renders certain that which, without the amplification, would be uncertain.
There is no necessity in this case to resort to parol evidence in order to ascertain what property was intended to be the subject of the agreement, because the contract itself, referring to the street number, makes it unnecessary to do so.
Complainants do not ask for a reformation of the contract in order to embrace the property not described in the agreement but merely pray for the specific performance of an agreement respecting the premises which are described with reasonable certainty and definiteness; to wit, by the street number 138 Lake Drive, Mountain Lakes, New Jersey.
Decree for complainants. *Page 490