## Ecker v. Knauer et ux.

*E. Edmund Wells*, for plaintiff.

*Smillie, Bean & Scirica*, for defendants.

CORSON, J., November 1, 1950.—In this case plaintiff sought to recover for work and material furnished in making certain repairs to defendants' home. The jury rendered a verdict in favor of plaintiff, whereupon defendants filed the present motions.

The motion for judgment non obstante veredicto was not pressed at the argument before the court en banc, is without merit, and must be dismissed. The motion for new trial is based upon the following general statement of facts:

At the trial plaintiff offered in evidence two pages of a ledger showing the account of defendants with plaintiff. In cross-examination counsel for defendants asked questions about the account shown upon these two pages but made no examination about any other part of the book. During his argument to the jury counsel for defendants maintained that the accounts shown in this ledger were not in order chronologically as to time. There was a rather clear intimation to the jury that defendants' account may have been made up and inserted in the book by plaintiff.

During his speech, counsel for plaintiff objected to the argument by defendants as to other parts of the ledger, when they had not been offered in evidence and plaintiff's bookkeeper had not been examined upon them, whereupon it was suggested that if there was a question the case might be reopened and Mrs. Ecker, who was the bookkeeper, examined upon her method of keeping these books. Counsel for defendants thereupon stated, quoting from the records of the case: "I am perfectly satisfied to examine her or reëxamine her." Counsel later stated: "I would like to ask Mrs. Ecker that."

The case was thereupon reopened. Mrs. Ecker was called to the stand for further examination as shown at pages 135-37 of the record. After such examination counsel for defendants stated in the presence of the jury: "That explains it." After the jury had been excused until the following morning counsel took certain exceptions to the book in question as being a book of original entry. After discussion upon this point,

which is immaterial to the present issue, counsel for defendant stated:

"All I want to do is to object to the interruption in the middle of my speech to correct whatever the errors were I was making in my speech."

Obviously it was a little late to object to the witness being called after counsel had stated that he would be glad to ask her certain questions, did ask the questions, and then stated: "That explains it."

It is certainly within the discretion of the trial judge to reopen a case where justice seems to so require: Commonwealth v. Gormley, 78 Pa. Superior Ct. 294 (1922) ; Duncan v. McCullough, 4 S. & R. 480 (1818). This is particularly true, it would seem, when counsel in the presence of the jury approves of such action, examines the witness, and states to the jury, in substance, that such testimony explained the question he had raised in his argument to the jury. We feel that the action of the trial judge was proper and clearly within his discretionary powers. It would seem to be too late to object to the testimony of Mrs. Ecker after counsel for defendants decided that her testimony was damaging, even though admitting that it explained the question that he was raising before the jury. Since this question, as argued, contained a rather clear implication of fraud, fairness would seem to have required that an opportunity be given to answer such charge. This is particularly true when the first intimation that the books were improperly kept comes in the argument of counsel to the jury.

For the reasons given we enter the following

### Order

And now, November 1, 1950, defendants' motion for judgment non obstante veredicto is dismissed and defendants' motion for a new trial refused. The prothonotary is directed to enter judgment on the verdict upon payment of the verdict fee.