Commonwealth *v.* Moore, Appellant.

Submitted May 25, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Matthew Kramer,* for appellant.

*Herbert S. Levin,* Special Assistant Attorney General, *Jerome H. Gerber,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 26, 1961:

The defendant, Ethel Moore, was charged with operating a private nursing home without a license in violation of Section 7 of the Act of June 12, 1931, P. L. 510, as amended, 35 PS §430 (Pkt. Part). She was summarily convicted by a magistrate who sentenced her to pay a fine of $1,500 or, in default thereof, to undergo

imprisonment for 150 days. Presumably the magistrate found the defendant guilty of operating a private nursing home without a license for a period of five days, since each day of operation is a separate offense and the maximum sentence for one offense is $300 and costs of prosecution or, in default of the payment of the fine, 30 days in jail.

The defendant appealed her conviction to the court of quarter sessions of the county where, after a trial de novo, the court entered the following order: "The appeal is dismissed. Defendant is sentenced to pay a fine of Fifteen Hundred Dollars ($1500.00) or to be confined to the County Prison for one hundred and fifty (150) days. Defendant adjudged guilty." The defendant appealed that judgment to the Superior Court which, in an order signed by one of its judges, granted a supersedeas and fixed bail at $2,000. Subsequently the Superior Court certified the case to us for disposition.

The appellant does not question the validity of her conviction, but contends that the sentence was improper because it imposes in a single sentence a penalty greater than the maximum for the offense charged in any one count. In a letter to this court the Commonwealth expressed its agreement with the appellant's contention and stated that it had no objection to the record being remanded for a resentencing of the defendant in accordance with the law. In so conceding, the Commonwealth was well advised, for the defendant's contention with respect to the sentence imposed is correct. "Where the verdict is a general one of guilty on an indictment containing two or more counts, and only one sentence is imposed, it cannot exceed the maximum penalty which could be imposed under any of the counts: [citing cases]." *Commonwealth v. Clark,* 123 Pa. Superior Ct. 277, 295, 187 Atl. 237 (1936). See also *Commonwealth v. Oxman,* 173 Pa. Superior Ct. 482, 485, 98 A. 2d 424

(1953); *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665 (1940).

The record is remanded to the Court of Quarter Sessions of Philadelphia County for a resentencing of the defendant in accordance with law.