## Commonwealth v. Smith

*Austin O. Furst* and *Furst & Furst*, for Commonwealth.

*Arthur C. Dale,* for defendant.

CAMPBELL, P. J., August 2, 1963.—On January 4, 1963, in a summary proceeding, defendant was con-

victed of a violation of the Act of June 24, 1939, P. L. 872, sec. 942, 18 PS §4942. The offense is known generally as cruelty to domestic animals.

On April 10, 1963, a second complaint was filed before Justice of the Peace Louise O. Green. This complaint contained seven counts. The first count charges defendant with wantonly and cruelly illtreating and abusing horses and cows by maintaining said animals in his barn under such unsanitary conditions as to cause the animals great pain and suffering. The remaining six counts pertained to four individual horses and two heifers, wherein defendant is charged with neglecting to properly feed, care for and provide proper medical care for each of the said individual animals.

From a resume of the testimony before the justice, it is apparent that the testimony consisted of a number of photographs indicating the conditions under which the animals were maintained, and from other witnesses indicating that the animals suffered from malnutrition, that the animals were not properly fed or watered, and that the animals were required to live under extraordinarily filthy conditions.

At the conclusion of the testimony, the justice rendered the following judgment:

"After a study of the testimony it is the judgment of this Court that Mr. Smith is indeed *GUILTY* of the charge of cruelty to animals and the fine is set at Fifty Dollars ($50.00) on each separate charge for the seven (7) charges or a total of Three Hundred and Fifty Dollars ($350.00)."

From this judgment, defendant appealed and this court permitted an appeal limiting the scope thereof to the validity and the amount of the fine imposed by the justice of the peace.

We believe the fine imposed to be in error for two reasons: first, it is quite evident that the justice made

a general finding of guilty in that she found defendant guilty of the charge of cruelty to animals. She then proceeded to set the fine at the maximum of $50 as provided by the act of assembly on each of the seven charges or counts resulting in a total fine of $350. In one sentence she imposed upon defendant the fine of $350.

It has always been the law of this State that where there is a general verdict of guilty on an indictment containing two or more counts and only one sentence is imposed, it cannot exceed the maximum penalty which could be imposed on any one count. A court may not in one sentence lump the penalties which may be imposed on various counts: Commonwealth v. Moore, 404 Pa. 227; Commonwealth v. Harrison, 142 Pa. Superior Ct. 453; Commonwealth v. Oxman, 173 Pa. Superior Ct. 482; Commonwealth v. Clark, 123 Pa. Superior Ct. 277.

The second reason why we would believe the fine imposed to be in error is that it improperly allows cumulative penalties.

The authority to impose penalties must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558.

As a general rule courts are loath to permit cumulative penalties and cumulative penalties not expressly authorized by statute may not be imposed: Geffen v. Baltimore Markets, Inc., 325 Pa. 509; Central R. R. Co. of N. J. v. Green, 86 Pa. 427; Porter v. Dawson Bridge Co., 157 Pa. 367; York Telephone & Telegraph Co. v. Pa. Public Utility Commission, 181 Pa. Superior Ct. 11.

However, where it is plainly the intention of the legislature to allow a plaintiff to recover a penalty for a definite act, courts will enforce the penalty for each count: Bartolett v. Achey, 38 Pa. 273; Commonwealth v. Jay Cook, 50 Pa. 201.

Courts have consistently held that the penalties provided by penal statutes are incurred by the number of true, separate and distinct transgressions: Friedeborn v. Commonwealth, 113 Pa. 242; Bartolett v. Achey, 38 Pa. 273; Porter v. Dawson Bridge Co., 157 Pa. 367.

A distinction is drawn between cases where the penalty is imposed with respect to a complex and continuous act and those where it is imposed in respect of a single uncomplicated offense which is complete and may be proved by evidence of one isolated act: Geffen v. Baltimore Markets, Inc., 325 Pa. 509.

Courts have uniformly held that the question of whether or not cumulative penalties are permitted depends entirely on the intention of the legislature as expressed in each applicable statute: 71 A. L. R. 2d 991. The pertinent provisions of the statute are as follows:

"Whoever wantonly or cruelly illtreats, overloads, beats or otherwise abuses any animal . . . or abandons any maimed, sick, infirm or disabled animal, . . . shall, upon conviction thereof in a summary proceeding, be sentenced for the first offense to pay a fine of not more than twenty dollars ($20), and for the second and every subsequent offense, a fine not exceeding fifty dollars ($50), . . .": 18 PS §4942.

As we read this act there is no intention of the legislature to make the fine applicable to each individual animal unless they were separate, distinct and isolated transactions. It is apparent that the testimony pertained to general conditions of lack of feed or water and unsanitary or filthy conditions of the barn wherein the animals were housed. There was no testimony made applicable to any specific animal. Furthermore, count one is a general count applying to all of the animals, including those referred to in counts two to seven, inclusive. To this extent there is duplication

of the penalty with respect to the same animal. We feel that the testimony substantiated one offense of illtreating all of the animals and this being the second offense for which the defendant was charged, the maximum fine under the statute is $50. If it had chosen to do so, the legislature could have made the penalty applicable to each separate animal. As it now reads, it is made applicable to each offense of cruelty to animals. We do not mean to imply that where there are separate and distinct instances of cruelty to individual animals that prosecutions could not be brought for each. But here where the gist of the offense consisted largely of a continual course of neglect constituting cruelty to all the animals in defendant's barn, we feel it is but one offense and cumulative penalties should not be permitted.

The policy of the law is against cumulation of penalties: Commonwealth v. Kaskey, 34 Luz. 93; Commonwealth v. Losier, 71 D. & C. 274.

In view of the foregoing holdings we feel that there is no need to decide whether or not the fine imposed by the justice is in violation of article 1, sec. 13, of the Pennsylvania Constitution, which forbids excessive fines. Accordingly, we enter the following order:

And now, August 2, 1963, the sentence of the justice of the peace is amended to read that defendant shall pay the costs of prosecution and a fine of $50, said fine being payable to the Pennsylvania Society for the Prevention of Cruelty to Animals, in accordance with the act of assembly in such cases made and provided, and in default of payment thereof, defendant shall undergo imprisonment in the Centre County jail for a period of 30 days.

And now, August 2, 1963, an exception is noted and bill sealed for plaintiff.