## Silver *v.* Edelstein, Appellant.

*Appeals—Practice, Supreme Court—Statement of questions involved—Assignments of error—After-discovered evidence—New trial—Abuse of discretion—Opening judgment—Removal of record by appeal.*

1. An assignment of error based on the refusal of the trial judge to allow the testimony of a witness at the first trial to be read at the second, will not be considered, where the question raised by such assignment, is not included in the statement of questions involved.

2. An assignment of error complaining of the refusal of the court below to award a new trial, in view of after-discovered evidence, will be dismissed, where there is no abuse of discretion by the court below refusing a third trial on that ground.

3. An assignment of error to the refusal of the court below to open a judgment, will not be considered, where it appears that at the time the application to open was made, the record had been removed to the appellate court by an appeal taken nearly six months before, and that the judgment was consequently no longer under the control of the lower court.

Argued February 9, 1920. Appeal, No. 85, Jan. T., 1920, by defendant, from judgment of C. P. Chester Co., Jan. T., 1919, No. 54, on verdict for plaintiff in case of

Paul Silver v. Sidney M. Edelstein.  Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract of employment.  Before HAUSE, J.

Verdict and judgment for plaintiff for $1,862.  Defendant appealed from refusal to award a new trial.

*Errors assigned* are stated in the opinion of the Supreme Court.

*William Tregay,* for appellant.

*J. Paul MacElree,* for appellee, was not heard.

PER CURIAM, March 8, 1920:

This case, which involves only questions of fact, was twice tried, and each trial resulted in a verdict for the plaintiff.  On this appeal by the defendant from the judgment entered on the second verdict, the first assignment of error is to the refusal of the trial judge to allow the testimony of a witness at the first trial to be read at the second.  As the question raised by this assignment is not included in the statement of questions involved, it will not be considered: Yeager v. Gately & Fitzgerald, 262 Pa. 466; Kress House Moving Co. v. Hogg, 263 Pa. 191.  The second assignment complains of the refusal of the court below to award a new trial, in view of after-discovered evidence.  While such evidence may call for a new trial, there was no abuse of discretion by the court below in refusing to direct a third trial on that ground, and the second assignment is dismissed.  The third and last is to the refusal of the court to open the judgment entered on the verdict, on the ground that it had been procured by false testimony.  At the time the application to open was made, the judgment was no longer under the control of the court, for the record had been

removed to this court by the present appeal taken nearly six months before.

Judgment affirmed.