Com. *v.* Stefanowicz, Appellant.

Argued October 3, 1938.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*James P. McArdle,* with him *T. Robert Brennan,* for appellant.

*Charles B. Jarrett,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY RHODES, J., December 16, 1938:

Appellant had been convicted of statutory rape, and on appeal from the judgment of the court below this court reversed the judgment and granted a new trial on the ground that the trial judge erroneously refused to admit certain evidence as to the character of appel-lant (*Com. v. Stefanowicz,* 118 Pa. Superior Ct. 79, 179 A. 770). At the second trial appellant was again con-victed, and then sentenced on the verdict. His appeal from that judgment has raised two questions: (1) Did the Commonwealth prove by competent testimony the jurisdiction of the trial court? (2) Was the conduct of the trial judge, and the publicity it received in the newspapers, of such a prejudicial nature that a juror should have been withdrawn? The indictment, in the Court of Oyer and Terminer and General Jail Delivery of the County of Allegheny, set forth that appellant "being of the age of sixteen years and upwards, on the twenty-second day of January in the year of our Lord one thousand nine hundred and thirty-four at the County aforesaid, and within the jurisdiction of this Court, with force and arms, in and upon the body of one Rose Hatala feloniously did make an assault, she the Rose Hatala then and there being a woman-child under the age of sixteen years, to-wit, of the age of fourteen years and upwards; and that the said Steve

Stefanowicz her the said Rose Hatala so being such woman-child as aforesaid, then and there feloniously did unlawfully and carnally know and abuse."

At the trial, Rose Hatala, a girl about 14 years of age, testified that she was seized by appellant and his companion, and was forced into their automobile at the corner of Madison Avenue and Progress Street in the City of Pittsburgh, Allegheny County, at about 9:30 p. m.; that she was driven for a period of fifteen or twenty minutes; that the automobile was stopped on a dirt road off the main highway; that there in the automobile she was ravished by appellant and his companion; that she was then brought back in the same automobile to a point within two blocks of her home and released about 2:30 a. m. the following morning.

A witness for the Commonwealth, an assistant county detective, testified, over objection by appellant's counsel, that it was impossible at any time to drive an automobile beyond the confines of Allegheny County from Madison Avenue and Progress Street, in the City of Pittsburgh, within fifteen or twenty minutes. The admission of this testimony is the subject of appellant's second assignment of error.

Appellant contends that the trial judge erred in refusing to direct a verdict of not guilty, for the reason that the Commonwealth failed to prove that the crime was committed within the jurisdiction of the trial court. In support of the assignments which complain of this action of the trial judge, appellant argues that section 49 of the Act of March 31, 1860, P. L. 427 (19 PS §525),[1] does not apply to the instant case because the

---

[1] This section provides as follows: "In order to obviate the difficulty of proof as to offenses committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property upon any stage coach, stage, wagon, railway car or other such carriage whatever employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place through

indictment did not aver that the offense was committed on a journey, and as the commission of the offense did not take place while the automobile was in the course of a journey, being motionless at the time. The weight and reasonableness of appellant's argument are to be determined to some extent at least by the consequences which would result from the application of his conclusions. It is too obvious for discussion that section 49 of the Act of 1860, P. L. 427 (19 PS §525), does not require that offenses committed during journeys from place to place must be committed on the carriage or vehicle only when such is in motion. A journey is not always consummated by uninterrupted movement. If it were necessary to determine the exact place of temporary halts during journeys in the nighttime the difficulty of proof would not be obviated, and the purpose contemplated by the act would be nullified. Section 49 (19 PS §525) provides that the venue of offenses committed during journeys shall be in any county through which the carrier traveled in the course of the journey during which the felony or misdemeanor shall have been committed. *Com. v. Brown*, 71 Pa. Superior Ct. 575, 578. It does not prescribe the form of indictment; it does not require that it be averred in the indictment that the crime was committed upon a journey. This section relates to the proofs sufficient to establish jurisdiction, and does not require the averment of special jurisdiction in the indictment. "The locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not": *Com. v. Mull*

---

any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed; ...... and every such felony or misdemeanor ...... shall and may be inquired of, tried, determined and punished in the county or place within which the same shall be so alleged to have been committed, in the same manner as if it had actually been committed therein."

*et al.,* 316 Pa. 424, at page 426, 175 A. 418, at page 419. In the instant case there was evidence that the crime was committed in the automobile which had been driven from the City of Pittsburgh, in Allegheny County, to a place within or without that county, where the crime was committed, and then the return journey made. The difficulty of proof of the exact locus of the crime is obvious. The very purpose of the act (19 PS §525) was to obviate the difficulties of proof which confronted the Commonwealth in the present case. There was no affirmative testimony that the crime was committed outside the territorial jurisdiction of the court that tried it. See *Com. v. Lawrence,* 282 Pa. 128, 133, 127 A. 465. The indictment charged that the crime was committed in Allegheny County. The evidence showed that the crime was committed during a journey which may not have reached beyond the boundaries of Allegheny County, but the jurisdiction of the court in which appellant was tried and convicted was sufficiently established even if it did. As the evidence to establish that the crime, with the commission of which appellant was charged, occurred within the territorial jurisdiction of the trial court, was sufficient without giving consideration to the testimony of the assistant county detective, appellant's second assignment of error is overruled. The admission of the testimony of which this assignment complains does not, under the circumstances, constitute reversible error. It had no bearing on the fact of guilt or innocence of appellant. Being of the opinion that the admission of this witness' testimony was at most harmless error, no purpose would be served by further discussion of appellant's contentions in this connection.

Appellant's third assignment of error complains that the trial judge erred in refusing to withdraw a juror by reason of the publication in the newspapers of the City of Pittsburgh of the rebuke given Commonwealth's witness Fredley, a police officer, for failure to testify

to the same facts he testified to in the former trial of this case. It appears that in the former trial Officer Fredley, a witness for the Commonwealth, testified to an alleged conversation with appellant in which he stated that appellant admitted to him that he had taken Rose Hatala to the vicinity of the Shady Nook Barbecue on Babcock Boulevard in Allegheny County. During the second trial the witness failed to testify to this conversation. In the absence of the jury the court said to the witness: "You are in a very unpleasant dilemma. Either you are a mighty dumb cop or else you are trying to shield somebody in this case." The next day counsel for appellant moved the withdrawal of a juror and the continuance of the case for the reason that there appeared in the Pittsburgh newspapers what purported to be quotations of the statement of the trial judge, together with a report of appellant's previous trial, conviction, and sentence. The jury was not present when the court made the remarks to the witness, and it does not appear that any of the jurors read the remarks as reported in the newspapers. No request was made by counsel to interrogate the jurors as to whether they had read the newspaper articles complained of. That appellant's counsel believed that the papers were read by the jurors was not alone sufficient to require the withdrawal of a juror, and the trial judge's refusal of the motion was not an abuse of discretion. See *Com. v. Freed,* 106 Pa. Superior Ct. 529, 536, 162 A. 679. Counsel for appellant, in the cross-examination of a witness for the Commonwealth, repeatedly brought out the fact that there had been a former trial.

We think the trial judge, in charging the jury as follows, fully protected the rights of appellant: "You are not to be influenced in your determination of this case by the fact, which has appeared here, that it was tried once before. You are not to be influenced and you are not to ponder on what the result was at the former trial. We began anew here on Tuesday. It would be

highly improper for you to have any regard to the other trial of the case or what happened, or what you may have heard about this case outside, or what you may have heard in the newspapers about it. Your duty is to determine this case from the evidence that has been presented to you here in this court room."

In *People v. Herbert,* 340 Ill. 320, at page 324, 172 N. E. 740, at page 742, involving somewhat similar facts, the court said: "There is nothing in the record, save counsel's assertion, to show that the jurors read any of the articles of which complaint is made. Apparently the cautionary instruction was given by the court fully to protect the rights of the plaintiff in error, and, since it does not appear that he was prejudiced by the publication of the articles, the court did not err in denying the motion to withdraw a juror and to declare a mistrial."

All of the assignments of error are overruled.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.