## Commonwealth *v.* Schultz, Appellant.

506

Argued November 19, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Fred G. Schultz*, appellant, in propria persona, submitted a brief.

*H. J. Johnson, Jr.,* Assistant District Attorney, with him *Damian McLaughlin,* District Attorney, for appellee.

OPINION BY RHODES, P. J., March 18, 1952:

Edward J. Milewski, Fred G. Schultz, and Earl F. Palmer were charged with burglary, larceny, and receiving stolen goods. Milewski entered a plea of guilty, and Schultz and Palmer, after having been indicted by a grand jury, were tried in the Court of Oyer and Terminer of Erie County and found guilty on November 17, 1950. At the trial Schultz was represented by counsel of his own choosing, and Palmer was represented by counsel appointed by the court. Schultz was sentenced on November 20, 1950, to the Western State Penitentiary for a term of not less than three and one-half years nor more than seven years to be computed from the date of commitment on October 2, 1950. Palmer was sentenced also but he has not appealed. This appeal is by Schultz from the judgment and sentence imposed by the court below.

Although appellant was represented by counsel at his trial, he has filed a brief in his own behalf on this appeal. He presents twenty reasons for reversal of his conviction. Our discussion will be limited to a few matters, although we have considered his entire brief. Most of the alleged defects in his trial are immaterial and have no support in the record, and do not merit further attention. The only exceptions taken during the trial to which appellant's argument might apply relate to the admission in evidence of a statement made by Milewski and read to appellant; to the refusal of a motion to withdraw a juror, made at the conclusion of the trial, and to continue the case by reason of an alleged prejudicial report of the proceedings in a local newspaper; and to the charge of the court to which only a general exception was taken.

Appellant's first complaint is that the trial judge erred in refusing to sustain his demurrer to the evidence presented by the Commonwealth at the close of the Commonwealth's case. There was no such demurrer to the evidence although counsel for both defendants moved for a directed verdict at the conclusion of the defense. The trial judge properly submitted the case to the jury and the evidence adequately sustains the verdict. Moreover, we find no trial error that would justify a reversal of the conviction.

The evidence discloses that on August 2, 1950, two young men motored to the Peninsula State Park which is outside the City of Erie. They parked their automobile on a road near the area designated as section 5 of the park. They put on bathing suits, locked their car, and walked to a nearby bathing beach. When they returned less than an hour later (about 1 p.m.) they discovered that the car had been forcibly entered, and that two wrist watches, two rings, and a billfold, as well as loose change in their trouser pockets, had been taken. Police had previously arrived at the scene to investigate the pilfering of another car which had been parked nearby. One of the rings, a diamond ring, was later found in the possession of appellant's father to whom it was admittedly delivered by Milewski, Palmer, and appellant on August 9, 1950. Subsequently Milewski made a statement or signed confession implicating appellant and Palmer. Palmer had been acquainted with appellant for fifteen years, and both had known Milewski for a long time. At the trial Milewski testified for the Commonwealth and confirmed the statements in his confession. He testified that appellant and Palmer arrived at his home in Erie about 11 a.m. on August 2d; that appellant drove them to the park where they began "spotting cars"; that upon discovering some unattended cars near section 5 of the

park appellant stopped his car; that he and appellant served as look outs while Palmer crossed the road to the place where such cars were parked; that about five minutes later Palmer returned with a bent screw driver, a diamond ring, which was later sold to appellant's father, two wrist watches and one or two billfolds; that thereupon they left the park. Milewski further testified that on their way out of the park an unidentified person signaled for them to stop, but they did not comply; that before reaching the park police barracks appellant stopped his car and the loot which Palmer had was given to Milewski who walked past the barracks and then rejoined Palmer and appellant in the latter's car; that they then divided the money, he receiving approximately $20; that on the same evening, at appellant's suggestion, they went to the home of appellant's father with the intention of selling the diamond ring to him; that, upon finding no one at home, he (Milewski) was given the ring in order that he might dispose of it; that he failed to find a buyer; and that, on August 9th, he, Palmer, and appellant went again to the home of appellant's father; that appellant received $200 from his father for the ring; and that from the proceeds he received $60 or $65.

The jury refused to believe the testimony of the defense which attempted to shift the responsibility to Milewski for the crimes which were undeniably committed. Appellant and Palmer both testified in their own behalf, Palmer, by agreement, having been taken from the courtroom during appellant's testimony. Both said that from the date of their arrest they had not conversed with each other; and the argument was made that they therefore had no opportunity to fabricate a defense. The testimony of both was to the effect that they frequented a newsroom at Twelfth and State Streets in Erie, and that on the afternoon of August

9th they happened to meet Milewski; that Milewski said he had received a diamond ring from his father's estate and was desirous of securing a loan on it; that appellant replied that his father was interested in purchasing such a ring; and that the three then went to the father's home where a sale or loan was effected. They denied that they had participated in the commission of the crime. Palmer testified that he had been at the newsroom every day throughout July and August "writing numbers," and that he had never been to the park with appellant and Milewski. Appellant testified that he had not been to the park that summer. Their credibility was questioned when rebuttal witnesses for the Commonwealth testified that they had seen both of them at the park on several occasions that summer. Appellant also admitted that he had an opportunity to talk with Palmer at three hearings which had been held before an alderman and on occasion during the trial. The trial judge charged the jury that the testimony of the accomplice Milewski should be scrutinized most carefully and acted upon with caution. The jury could have accepted appellant's denial of criminality in this instance and acquitted him; but the facts to be found from the evidence and the credibility of the witnesses were entirely for the jury. *Com. v. Ransom,* 169 Pa. Superior Ct. 306, 317, 82 A. 2d 547, affirmed 369 Pa. 153, 85 A. 2d 125.

Appellant also contends that the trial judge erred in permitting Milewski's written statement to be read to the jury, and in submitting to them the question whether appellant had tacitly admitted the accusations contained therein which implicated him. Police officers present at the questioning of appellant following his arrest testified that Milewski's statement was read to appellant. After hearing the statement appellant hesitated and then said, "Sounds pretty

good." The statement was offered in evidence and read to the jury. To this an objection was made. This evidence was not incompetent although the remark by appellant in relation thereto may have been somewhat ambiguous. It was reasonable and permissible from the statement and appellant's reply to infer an implied admission of the truth of the charges thus made. The fact that appellant was under arrest and in confinement at the time did not render the statement and his remarks inadmissible. *Com. v. Vallone,* 347 Pa. 419, 421, 32 A. 2d 889. The failure of one to deny the incriminating statement of a confederate read to him may be the basis, under proper circumstances, of an inference of assent. *Com. v. Ballon,* 229 Pa. 323, 327, 78 A. 831. The trial judge did not commit any reversible error in overruling appellant's objection and admitting this evidence as competent, leaving the weight that should be attributed to it to the jury.

Appellant alleges that the charge of the court is erroneous in several particulars. There is no merit in appellant's argument in this respect. For example, at one point the trial judge inadvertently referred to the crime charged as robbery instead of burglary. The charge must be considered in its entirety; and in the absence of basic or fundamental error we will not reverse a conviction where only a general exception has been taken to the charge. *Com. v. Eberhardt,* 164 Pa. Superior Ct. 591, 604, 67 A. 2d 613. At the conclusion of the charge the trial judge gave the defendants an opportunity to request the correction of any misstatements in the charge. However, appellant emphasizes his complaint of the following instructions: "Now, there are some facts on which there was no dispute. We would say, although it is for you, that the identity of the ring and its location and the fact that it was

stolen were fairly well proven." Certainly, it was not error for the trial judge to so charge since the fact that a crime had been committed was undisputed; the question was appellant's connection with it. See *Com. v. Weiss*, 284 Pa. 105, 110, 130 A. 403. Proof of the corpus delicti was conclusive. Cf. *Com. v. Brown*, 158 Pa. Superior Ct. 226, 44 A. 2d 524. The charge of the court contained a clear statement of the issue, the applicable legal principles, and a dispassionate summary of the evidence.

After the taking of testimony had been concluded counsel for both defendants moved for the withdrawal of a juror on the ground that a prejudicial report of the proceedings appeared in a local newspaper of general circulation. The newspaper articles are not in evidence, although they have been attached to appellant's brief. They are largely a factual report of the testimony taken during the preceding days of the trial. There is nothing to indicate that they could have prejudiced the trial in any way. We have no reason to assume that the jury was influenced by a newspaper article which may or may not have been seen by the jurors. *Com. v. Stefanowicz*, 133 Pa. Superior Ct. 501, 506, 3 A. 2d 22. There is an entire absence of anything to show that the trial judge abused his discretion in refusing to withdraw a juror on appellant's motion.

Most of appellant's contentions relate to matters which were not raised or considered in the court below, and which cannot be invoked on appeal unless there has been some basic or fundamental error seriously affecting the merits of the case and imperatively calling for reversal; and there is no such error here. See *Com. v. Klick*, 164 Pa. Superior Ct. 449, 453, 65 A. 2d 440; *Com. v. Kahn*, 116 Pa. Superior Ct. 28, 30, 176 A. 242; *Com. v. Zang*, 142 Pa. Superior Ct. 573, 577, 16 A. 2d 745. Of this type is his complaint that

the indictment was not signed by the district attorney (Act of May 3, 1850, P. L. 654, §1, 16 PS §3431) or by the first assistant district attorney (Act of May 2, 1929, P. L. 1278, §257, 16 PS §257), but by the secretary of the district attorney. If this were true, it is a formal defect to which objection should have been taken before the jury was sworn. Act of March 31, 1860, P. L. 427, §11, 19 PS §431; *Com. v. Brown,* 23 Pa. Superior Ct. 470, 498. Likewise his allegation that he was not present during the impaneling and swearing of the jury has no support in the record and was not raised in the court below. In fact, the docket entries show that appellant was present during the selection of the jury.

The allowance of a rule to show cause why a new trial should not be granted on November 20, 1950, after the imposition of sentence, which rule was subsequently discharged on March 22, 1951, is no ground for reversal. *Com. v. Mediote,* 38 Pa. Superior Ct. 194. However, it is conceded that the sentence imposed by the court below was not in conformity with the Act of June 24, 1939, P. L. 872, §§903, 807, 18 PS §§4903, 4807, applicable to burglary of a motor vehicle and larceny. The punishment provided for these offenses is separate and solitary confinement at labor not exceeding five years. Thus the maximum penalty on any count in the indictment was five years. As a single sentence was imposed the maximum imprisonment was five years in the penitentiary; the sentence of three and one-half years to seven years was therefore not in accordance with the law. The Commonwealth contends that this error was corrected by the court below in resentencing appellant on November 15, 1951, in the presence of his counsel, to a term of not less than two and one-half years nor more than five years in the Western State Penitentiary. Appellant filed his ap-

514

peal in this Court on May 9, 1951, certiorari being returnable the first Monday of June, 1951. In compliance therewith the record was filed in this Court on September 6, 1951. Under these circumstances the court below had no power to revoke appellant's sentence and impose a new sentence in conformity with law. See *Harwood v. Bruhn*, 313 Pa. 337, 341, 342, 170 A. 144; *Silver v. Edelstein*, 266 Pa. 531, 109 A. 679.

The Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192, defining the powers of the Superior Court, provides: "The superior court may . . . affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, . . . But it may not increase (although it may reverse) any sentence upon any indictment, . . ." We may amend or mould a sentence so that it conforms with the law or we may remit the record to the court below for proper sentence. *Com. v. Downer*, 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897. A sentence to a different penalty than that which the statute prescribes is erroneous, but such error does not entitle a defendant to discharge due to lack of jurisdiction to correct the sentence after the term. The error may be corrected by reversing the sentence and remitting the record to the court below for sentence in conformity with the law.[1] As we said in *Com. ex rel. Monaghan v. Burke*, 169 Pa. Superior Ct. 256, 260, 261, 82 A. 2d 337, 340, allocatur refused, 169 Pa. Superior Ct. xxvi,

[1] *Com. v. Barge*, 11 Pa. Superior Ct. 164; *Com. v. Lewis (No. 1)*, 29 Pa. Superior Ct. 282; *Com. v. Cameron*, 42 Pa. Superior Ct. 347, 361, affirmed 229 Pa. 592, 79 A. 169; *Com. v. Shields (No. 2)*, 50 Pa. Superior Ct. 194; *Halderman's Case*, 53 Pa. Superior Ct. 554, 557, 558; *Com. v. Matis*, 55 Pa. Superior Ct. 551; *Com. v. Bingle*, 62 Pa. Superior Ct. 105; *Com. v. Camwell*, 89 Pa. Superior Ct. 339; *Com. ex rel. Biancone v. Burke*, 164 Pa. Superior Ct. 486, 66 A. 2d 74; *Com. v. Sweeney*, 281 Pa. 550, 127 A. 226; *Com. ex rel. McGinnis v. Ashe*, 330 Pa. 289, 292, 293, 199 A. 185.

certiorari denied, 342 U. S. 898, 72 S. Ct. 233, 96 L. Ed. ——: "We may remit the record to a lower court for proper sentence where the original sentence is illegal or erroneous, and that court may proceed to sentence the defendant anew in proper form and according to law. Com. v. Downer, supra, 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897. And this would not be such a sentence as the court would have no power to impose after the term."

In *Beale v. The Commonwealth*, 25 Pa. 11, 22, our Supreme Court said: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine, that a prisoner whose guilt is established by a regular verdict is to escape punishment altogether, because the Court committed an error in passing the sentence. If this Court sanctioned such a rule, it would fail to perform the chief duty for which it was established. Our duty is to correct errors, and to 'minister justice.' But such a course would perpetuate error, and produce the most intolerable injustice." See, also, *Com. ex rel. Holly v. Ashe*, 368 Pa. 211, 220, 82 A. 2d 244; *Com. ex rel. Paige v. Smith*, 130 Pa. Superior Ct. 536, 548, 198 A. 812.

The sentence is reversed, and the record is remitted to the Court of Oyer and Terminer of Erie County with direction that the court proceed and sentence the defendant anew, in due order and according to law; and it is ordered that the defendant forthwith appear or be brought into that tribunal by appropriate process for the purpose of sentence as aforesaid.