Commonwealth *v.* Oxman, Appellant.

Argued April 17, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Harry R. Back,* with him *Arthur S. Salus, Garfield W. Levy* and *Back & Levy,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

Defendant having waived a jury trial was found guilty generally by a judge of the Court of Quarter Sessions of Philadelphia County on a bill of indictment which contained nine counts charging defendant with publicly setting up a lottery, with privately setting up a lottery, with being concerned in the management, conducting, and carrying on of a lottery, and with publicly selling lottery tickets. There was no evidence of sales and those counts were eliminated. A motion for new trial was refused, and defendant was sentenced to

a term of not less than four months nor more than two years in the Philadelphia County Prison and to pay a fine of $500 and costs.

Defendant has appealed, and contends that the evidence was insufficient to sustain the conviction.

Defendant was arrested in Philadelphia on June 29, 1951, shortly after midnight, by police officers while he was sitting in his automobile in the company of one Norman Dolbow. The arrest took place at a gasoline station frequented by defendant and operated by Dolbow, which had been raided previously by the police. On the front seat between the two men there was found a pad upon which were written various initials and numbers, and two bags containing approximately $16 in coins. In the glove compartment of the automobile were additional white pads and a quantity of pink cards described as "cut cards." It is common knowledge that they are used in the "numbers game" or lottery. Defendant had on his person $1,407, and other white pads. These articles were identified as numbers paraphernalia, and they were in the possession of the defendant at the time of his arrest and were in fact his property. It was testified that the initials and numbers on the pad represented writers or pick-up men from whom collections were made, and that they were "connected with the lottery game." The cut cards were identified by defendant himself as being part of the "numbers business," in which he had been engaged previously. The cut cards contained the same numbers, and their use by those engaged in conducting an illegal lottery is to protect the "bankers." See *Com. v. Chirico,* 117 Pa. Superior Ct. 199, 207, 177 A. 591. Defendant admitted his experience with the numbers game; and he conceded having made the initials and numbers on the pads, but gave the explanation that they represented notes of collections made in his installment sales business. His

mere statement that he was engaged as an installment salesman was unsubstantiated in any respect. The character of the property, the circumstances of possession, and defendant's admissions and inadequate explanation were sufficient for the trial judge to conclude that defendant was guilty.

In *Com. v. Wade*, 156 Pa. Superior Ct. 88, 91, 39 A. 2d 460, 461, where the factual situation was similar to that in the instant case, we made this applicable statement: "Jurors have a right to use their common sense, acquired in the ordinary affairs of every day life, and, using it in considering the evidence in the case, to determine that a man having in his possession great quantities of material and paraphernalia used for carrying on a numbers lottery, and useful for no other purpose, is concerned, then and there, in its carrying on, whatever may be his exact relationship to it."

It is apparent from the record that the Commonwealth did not produce evidence to prove every count in the indictment. However, where an indictment contains several counts, some of which are faulty, one good count is sufficient to sustain a general verdict. *Com. v. Knox*, 172 Pa. Superior Ct. 510, 521, 522, 94 A. 2d 128. At least the fifth count, charging that defendant "was concerned in the management, conducting and carrying on of a certain lottery for moneys, goods, wares, and merchandise," was valid, was established by the evidence, and supports the general verdict.

The Commonwealth agrees that the sentence of the court below on the general verdict of guilty is excessive. The maximum penalty under the Act of June 24, 1939, P. L. 872, §601, 18 PS §4601, for a single violation is imprisonment of one year and a fine of $500. As a single sentence was imposed, the maximum is as stated for the offense charged in any one valid count.

This Court may amend or mould a sentence so that it conforms with the law, or remand the prisoner to the court below for resentence. Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192; *Com. v. Downer,* 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897; *Com. v. Schultz,* 170 Pa. Superior Ct. 504, 514, 87 A. 2d 69; *Com. v. Harrison,* 142 Pa. Superior Ct. 453, 457, 16 A. 2d 665. See *Com. ex rel. Madden v. Ashe,* 162 Pa. Superior Ct. 39, 45, 56 A. 2d 335.

The sentence at No. 858, October Sessions, 1951, Court of Quarter Sessions of Philadelphia County is amended by reducing the maximum term of imprisonment to one year. As amended the judgment of sentence is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time his appeal was made a supersedeas.