**UNITED STATES ex rel. OXMAN**

v.

**KEEPER OF THE PRISON OF PHILADELPHIA COUNTY.**

**No. 1627.**

United States District Court,
E. D. Pennsylvania.

June 14, 1954.

Back & Levy, Philadelphia, Pa., for petitioner.

Richardson Dilworth (Dist. Atty. of Philadelphia County), Philadelphia, Pa., for respondent.

GRIM, District Judge.

Relator, Philip Oxman, was convicted in the Court of Quarter Sessions of Philadelphia County on an indictment charging that he "was concerned in the management, conducting and carrying on of a certain lottery for moneys, goods, wares, and merchandise". This charge was based on the following clause of Section 601 of the Act of June 24, 1939, P.L. 872, 18 P.S. § 4601:

"Whoever * * * is in any way concerned in the managing, conducting or carrying on [any lottery] is guilty of a misdemeanor * * *."

Upon appeal the conviction was sustained by the Pennsylvania Superior Court. Commonwealth v. Oxman, 1953, 173 Pa.Super. 482, 98 A.2d 424. Relator's petition to the Supreme Court of Pennsylvania for an allowance of appeal was denied, as was his subsequent petition to the Supreme Court of The United States for a writ of certiorari.

Relator, now serving his sentence in the Philadelphia County Prison, has not applied to the state courts for habeas corpus, but has instituted the present habeas corpus proceeding in this Court.

In the state courts of Pennsylvania and in the Supreme Court of The United

States relator has raised only one point, namely, that the evidence produced at the trial was not sufficient to sustain the conviction.

President Judge Rhodes, in his opinion in Commonwealth v. Oxman, supra, 173 Pa.Super. at pages 484–485, 98 A.2d at page 425, summarized the evidence as follows:

"Defendant was arrested in Philadelphia on June 29, 1951, shortly after midnight, by police officers while he was sitting in his automobile in the company of one Norman Dolbow. The arrest took place at a gasoline station frequented by defendant and operated by Dolbow, which had been raided previously by the police. On the front seat between the two men there was found a pad upon which were written various initials and numbers, and two bags containing approximately $16 in coins. In the glove compartment of the automobile were additional white pads and a quantity of pink cards described as 'cut cards'. It is common knowledge that they are used in the 'numbers game' or lottery. Defendant had on his person $1,407, and other white pads. These articles were identified as numbers paraphernalia, and they were in the possession of the defendant at the time of his arrest and were in fact his property. It was testified that the initials and numbers on the pad represented writers or pick-up men from whom collections were made, and that they were 'connected with the lottery game.' The cut cards were identified by defendant himself as being part of the 'numbers business,' in which he had been engaged previously. The cut cards contained the same numbers, and their use by those engaged in conducting an illegal lottery is to protect the 'bankers.' * * * Defendant admitted his experience with the numbers game; and he conceded having made the initials and numbers on the pads, but gave the explanation that they represented notes of collections made in his installment sales business. His mere statement that he was engaged as an installment salesman was unsubstantiated in any respect. * * *"

Judge Rhodes then held that "The character of the property, the circumstances of possession, and defendant's admissions and inadequate explanation were sufficient for the trial judge to conclude that defendant was guilty".

Relator has erroneously denominated this question of the sufficiency of the evidence as a federal constitutional question. The law is clear that a federal court upon habeas corpus will not weigh the evidence, although if there is an entire lack of evidence to sustain the conviction the court may order the petitioner's discharge. Price v. Henkel, 1910, 216 U.S. 488, 492, 30 S.Ct. 257, 54 L.Ed. 581; Meyers v. United States, 1950, 86 U.S.App.D.C. 320, 181 F.2d 802. Questions concerning the sufficiency or admissibility of evidence to sustain allegations in an indictment are not open to collateral attack in habeas corpus proceedings but such defects can only be reached by timely appeal. Birch v. Hunter, 10 Cir., 1946, 158 F.2d 134, certiorari denied 331 U.S. 825, 67 S.Ct. 1314, 91 L.Ed. 1841. Judge Follmer of this court has also recently held that the insufficiency of evidence to support a conviction in a state court is not a basis for habeas corpus in a federal court. United States ex rel. Borday v. Claudy, D.C.E.D.Pa.1952, 108 F.Supp. 778.

In addition to raising the question of the sufficiency of the evidence, relator in the proceeding in this court has for the first time in the history of this litigation raised the question of whether the meaning of the statutory clause, under which he was convicted, is so vague as to be in violation of the Due Process Clause of the Fourteenth Amendment to the federal Constitution. This is clearly a federal constitutional question. However, relator has no right to a determination of this question by this

court until he has given the state courts an opportunity to pass on it. Otherwise stated, relator has failed to exhaust the remedies available to him in the courts of the Commonwealth of Pennsylvania, as required by 28 U.S.C. § 2254.

Accordingly, it is Ordered that the rule to show cause be and the same is hereby discharged and that relator's petition for writ of habeas corpus be and the same is hereby denied; and it is

Further Ordered that relator's application for admission to bail be and the same is hereby denied.