## Lance v. Mifflintown Borough

*J. Howard Neely*, for plaintiff.

*John A. R. Welsh* and *H. Brown Fry*, for defendants.

SHUGHART, P. J. (Specially Presiding), August 21, 1956.—The trial of the above action before a jury resulted in a verdict in favor of defendants. Plaintiff thereafter filed a motion for new trial alleging various errors in the conduct of the trial, and also a motion for judgment non obstante veredicto. In an opinion and order filed December 20, 1955, the motions for new trial and judgment non obstante veredicto were overruled. Thereafter, on March 19, 1956, plaintiff filed an appeal in the Superior Court from the order refusing the new trial and judgment non obstante veredicto.

The writ of certiorari from the Superior Court was received by the prothonotary of Juniata County and filed on March 21, 1956. On March 19, 1956, the trial judge, being without knowledge or notice that an appeal had been taken, issued a rule on plaintiff's motion to show cause why a new trial should not be granted for after-discovered evidence. This order was received and filed by the prothonotary of Juniata County on March 20, 1956. On April 14, 1956, defendants filed an answer to the rule in which it was averred, inter alia, that plaintiff "at the same time, or prior" to the filing of the motion had filed an appeal in the Superior Court. The matter has since been argued and is now ripe for decision.

The first question for determination is whether this court has jurisdiction to pass upon the application for new trial for after-discovered evidence while an appeal is pending from the refusal of the court to grant a new trial because of trial errors.

"At common law, a court of first instance was without jurisdiction to proceed with a cause after the record thereof had been removed to an appellate court (Kountze v. Omaha Hotel Co., 107 U. S. 378, 381; Sheerer v. Grier, 3 Wh. 14; 2 R. C. L. 122), for the obvious reason that it had no record upon which it could proceed. This is still the law in the absence of a controlling statute, and here there is none": Gilbert v. Lebanon Valley Street Railway Co., 303 Pa. 213, 218.

In Harwood v. Bruhn, 313 Pa. 337, 341, the court said: "So, also, we said in Ewing v. Thompson, 43 Pa. 372, 376: 'The effect of that writ [certiorari] was to stay further proceedings in the court below, and to remove the record of the case into this court. That such is the effect of a certiorari, except in cases where the legislature has made a different rule [which here it has not], is the doctrine of all our cases. It is not

itself a writ of supersedeas, but it operates as one by implication. *Originally in fact, and now always in theory, at least, it takes the record out of the custody of the inferior court,* and leaves nothing there to be prosecuted or enforced by execution. . . . They (the cases) all, however, *assert no more than that the power of the tribunal to which the writ is directed is suspended by it; that the judicial proceeding can progress no further in the lower court.'* " (Italics supplied.)

We have examined the brief of counsel for plaintiff and studied all of the cases cited by him and have found nothing to render inapplicable the doctrine set forth above. The instant situation is not governed by those cases which hold that a lower court may correct formal defects in the record after an appeal has been taken. See Gunn v. Bowers, 126 Pa. 552, 556; Erdman's Estate, 30 Northamp. 7, and cases cited.

While we have found no cases directly in point, we feel the present situation is governed by the case of Silver v. Edelstein, 266 Pa. 531. An examination of the paper books in that case discloses that the lower court entered an order refusing to grant a third trial on June 9, 1919, and judgment was entered on the verdict for plaintiff on June 24, 1919. Defendant appealed to the Supreme Court and lodged a certiorari with the lower court on June 26, 1919. On December 3, 1919, defendant petitioned the court to open the judgment and entertain a rehearing on the rule for a third trial on the ground that plaintiff had falsely and fraudulently testified to certain matters at the trial. This petition was dismissed. On the appeal from the refusal of the third trial, defendant alleged as error the refusal of the court to open the judgment. In affirming the action of the court below, the court said, at page 532: "At the time the application to open was made, the judgment was no longer under the control

of the court, for the record had been removed to this court by the present appeal taken nearly six months before."

In the light of the foregoing it is obvious that the record in this case has been removed from our control, and we are, therefore, without jurisdiction to pass upon the motion for new trial because of after-discovered evidence.

We are constrained to dismiss the motion for this technical reason with less regret because our consideration of the motion leads us to the conclusion that it is devoid of merit.

Plaintiff had sued defendants to recover for services rendered in connection with the purchase of a water company. Plaintiff had been engaged as an engineer to work out "all details for taking over" the water company. In this connection he prepared certain financial reports of the operation of the water company for the previous five years in an effort to show that the net revenue derived from the property for a period of five years before the acquisition would have been sufficient to pay interest and sinking fund charges of obligations of the borough given to finance the purchase of the water company: Section 15, art. IX of the Constitution of Pennsylvania. It was necessary that there be sufficient income to cover these charges so that the borough obligations issued to provide funds for the purchase of the water company would not be considered a "debt of a municipality" as provided by section 8, art. IX of the Constitution of Pennsylvania.

At the trial defendants admitted that plaintiff prepared the financial reports, but contended that in computing the "net revenue" plaintiff had deleted from the expenses of the company unauthorized items so that the "net revenue" shown by his report was not accurate. The issue in the trial became, therefore, whether or not the financial report prepared by Lance

was a proper one on which financing could be predicated. Lance contended that the report was proper while defendants asserted the contrary.

In the motion for new trial it is averred that he has now discovered that the water company paid more in salaries to officers and directors than shown by the records he examined to prepare his report, and that if these amounts are deducted from the expenses of the company, the net profit *will be* shown to be sufficient to pay the debt and service charges of the acquisition. In short, it is proposed that new evidence be received to show that Lance's report, now admittedly inaccurate, can be corrected to support his contention.

It is elementary that plaintiff's case rises or falls on whether the study of the financial condition he gave to the borough was accurate and proper. When he admits, as he tacitly does, by the motion, that it is not, he concedes the defeat of his cause. If his study was inaccurate, as the jury found it was, then he cannot recover from defendants even though the inaccuracy was caused, as he alleged, by the failure of the company's records to be more specific, rather than by his own ineptitude.

In summary, the so called after-discovered evidence would not be relevant in a retrial, and no new trial may, therefore, be predicated thereon.

It might also be noted, generally, that the proffered testimony fails to meet several of the other tests required for the granting of a new trial, as set forth in 6 Standard Pennsylvania Practice 335. We shall not, however, further extend this opinion by referring to the same with more specificity.

And now, August 21, 1956, for the reasons given, the motion for new trial, based on after-discovered evidence, be and is hereby overruled. An exception is noted.