## Commonwealth v. Jackson

*Peter F. Cianci*, Assistant District Attorney, for Commonwealth.

*L. G. Gajewski*, for defendants.

HESS, J., February 3, 1958.—Defendants Charles Jackson and Gilbert R. Jackson (alias Sweet Man) were tried by a jury under bills of indictment charg-

ing: (1) Robbery by assault and force, and (2) assault and battery. The jury returned a verdict of guilty against both defendants, and the proceeding is now before the court en banc on defendants' motions in arrest of judgment and for a new trial.

Defendants were tried along with one Margaret Miller (alias Margaret "Midge" Williams), she being an accessory before the fact to robbery in an indictment to no. 9, September sessions, 1957. The Commonwealth contended that Margaret Miller, along with the two defendants in the present case, and two other individuals, Simuel Francks and George Hightower, planned to rob one John Briggs; that Francks and Hightower did in fact commit the robbery with the aid of defendants and that thereafter defendants in the instant case, and the three individuals named, divided the proceeds of the robbery among themselves. Simuel Francks pleaded guilty and at the trial was the Commonwealth's chief witness. George Hightower is a fugitive from justice. Defendants contended that they had no part in the planning or commission of the robbery, received no part of the proceeds, and that Gilbert R. Jackson was not present at the time the offense was committed. The testimony was very much in conflict, but the jury has seen fit to believe the evidence submitted by the Commonwealth, and for the purpose of considering the motions now before the court we must accept such testimony as well as the reasonable inferences which properly could be derived from that testimony as being correct: Commonwealth v. Nestor, 183 Pa. Superior Ct. 350; Commonwealth v. Schuster, 158 Pa. Superior Ct. 164.

The jury was justified in finding that the Miller woman met the victim at the Hand-in-Hand Cafe on two different occasions, on each of which the victim drank to such an extent that he was considerably under the influence of intoxicating liquor. On May 8, 1957,

as the victim was leaving the Hand-in-Hand Cafe, he was physically assaulted by Francks, and at the same time robbed of between $250 and $300 by Hightower. While the robbery was taking place, defendants were in or about the premises but took no part in the actual assault and robbery. Thereafter defendants, along with Francks and Hightower, met and divided among themselves the proceeds of the robbery. The jury could also find that while the victim and the Miller woman were drinking together, the former was exhibiting considerable sums of money; that the woman contacted Francks and told him to tell the defendants that she wanted to see them and that ". . . there's a guy in the Hand-in-Hand with a roll of money".

There is little evidence of a definite agreement among defendants and the others to rob Briggs, but there is sufficient to warrant a jury to infer that in fact such plan was formulated. The testimony most damaging to defendants was actually elicited by counsel for defendants while cross-examining Francks. It is true that most of the evidence connecting defendants with the crime came from the lips of Francks, an admitted participant in the robbery. The jury was particularly cautioned about accepting this testimony, but has seen fit to accept it as credible evidence, a determination reserved solely for the jury under our system of jurisprudence.

### Motion in Arrest of Judgment

Defendants contend that there is no evidence sufficient to convict them of having been principals in the second degree to the crime charged. "A principal in the second degree is one who is present when a felony is committed by another, and who aids or abets in its commission . . .": Commonwealth v. Parmer, 364 Pa. 11, 13. Under the testimony, the jury was warranted in finding that both defendants were present at the

time the crime was committed. They contend, however, that there is no evidence to justify a finding that they "aided or abetted" in the commission of the cffense.

"One is an aider and abettor in the commission of any crime, i.e., he has 'joined in its commission', if he was an active partner in the intent which was the crime's basic element": Commonwealth v. Strantz, 328 Pa. 33, 40.

"No principle of law is more firmly established than that when two or more persons conspire or combine with one another to commit any unlawful act, each is criminally responsible for the acts of his associate or confederate committed in furtherance of the common design. . . .": ibid. 40.

The jury was justified in finding that defendants were active partners in intending to commit robbery upon the victim in the instant case and were present in the immediate area at the time the crime was committed. The fact that they did not actually engage in the act of physical violence or robbery is of no moment. There is no merit in the motion in arrest of judgment.

### Motion for New Trial

Defendants in their motion for a new trial allege the usual reasons that the verdict is contrary to law, the evidence, the weight of the evidence, and that the Commonwealth did not prove any agreement between the parties by competent evidence. All of these matters are encompassed within our discussion under the motion in arrest of judgment and need not be repeated. At the argument two additional reasons were set forth although at no time did counsel request leave to file additional reasons. We once again point out that if a party desires to file additional reasons to support any motion, such reasons should be filed of record with leave of court after notice to adverse par-

ties, and it is improper to set forth additional reasons for the first time at the argument of the cause.

It is alleged that the trial judge erred in his charge in stating that defendants in order to be guilty of the crime charged must be shown to have been ". . . present, aiding, abetting, encouraging, or assisting in the commission of a crime; . . .": Charge, pp. 4 and 5. Defendants argue that inclusion of the word "encouraging" was error. No objection was made at the conclusion of the charge, and the question was first raised at the argument. It is true that a principal in the second degree is defined as ". . . one who is present when a felony is committed by another, and who aids or abets in its commission. . . .": Commonwealth v. Parmer, supra. The Century Dictionary in various editions sets forth "abet" as a synonym of "encourage", and "encourage" as synonymous with "abet". In Commonwealth v. Habecker, 113 Pa. Superior Ct. 335, 340-41, the use of similar synonymous words was approved. The argument is without merit.

It is also contended that the trial judge erred in permitting the Commonwealth to introduce evidence indicating that defendant Charles Jackson attempted to pick the pocket of the victim, John Briggs, prior to the time that the actual robbery took place. We cannot conclude that the admission of the evidence was error. It involved an action by a defendant after he, along with his confederates, formed the plan to deprive John Briggs of his money. The evidence was properly admitted.

And now, to wit, February 3, 1958, defendants' motions and rules in arrest of judgment and, in the alternative, for a new trial are discharged.