## Commonwealth v. Anderson

*James C. Tosh,* for Commonwealth.
*Edward J. Tocci,* for defendant.

ROWLEY, J., January 29, 1969.—Defendant, Fred Anderson, has filed motions in arrest of judgment and for a new trial following his conviction by a jury on charges of adultery and bastardy. One of the reasons advanced by defendant in support of both motions, was his contention that the Commonwealth failed to establish, beyond a reasonable doubt, that this court had jurisdiction. This was the only reason discussed by defendant in his written brief, and at the oral argument before the court en banc, defendant's

counsel stated that the other reasons submitted in support of the two motions had no merit. The record in this case discloses that the child was born in Allegheny County. Thus, it is clear that unless the child was conceived within Beaver County, this court has no jurisdiction: Act of June 24, 1939, P. L. 872, sec. 506; 18 PS §4506, as amended; Commonwealth v. Dunnick, 204 Pa. Superior Ct. 58 (1964). The record discloses that both defendant and prosecutrix are residents of Beaver County. Prosecutrix testified that defendant picked her up at her home in Hookstown, Beaver County, and that they drove to a dirt road in a coal stripping area near Frankfort Springs in Beaver County. She further testified that during the drive, at some point, she and defendant had sexual intercourse resulting in the eventual birth of her child. Frankfort Springs is on the southern boundary of Beaver County and is bounded on the south by Washington County. Prosecutrix testified that although to the best of her knowledge they had not left Beaver County and for that reason believed the act occurred in Beaver County, she could not say positively where it occurred. She also admitted on cross-examination that it might have occurred in either Washington or Beaver County.

The general rule regarding jurisdiction is that a court has jurisdiction of an offense only when it is committed within the county where the case is tried. There are certain exceptions to that rule, however. One of these exceptions is contained in section 49 of the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 49, 19 PS §525. Section 49, often referred to as the "Journey Act", provides:

"In order to obviate the difficulty of proof as to offenses committed during journeys from place to place, in any indictment for felony or misdemeanor committed on any person or on any property upon

any stage coach, stage, wagon, railway car, or other such carriage whatever employed in any journey, it shall be sufficient to allege that such felony or misdemeanor was committed within any county or place through any part whereof such coach, wagon, cart, car or other carriage shall have passed in the course of the journey during which such felony or misdemeanor shall have been committed."

Although the Supreme Court in Commonwealth v. Farrell, 319 Pa. 441 (1935), held that the act had no application to the facts in that case, the trial court, in discussing the act, wrote an illuminating opinion concerning the background and constitutionality of section 49: Commonwealth v. Farrell, 24 D & C. 618 (1935). In United States ex rel. Chatary v. Nailon, 211 F. Supp. 676 (1962), the court pointed out that section 49 is an indication that the fact a trial occurs in a county other than the county in which the crime was committed is not an inevitable and absolute defect in the conviction. In Commonwealth v. Stefanowicz, 133 Pa. Superior Ct. 501 (1938), defendant was convicted of statutory rape. One of defendant's contentions on appeal was that the Commonwealth had failed to prove the jurisdiction of the trial court. The Superior Court held that where the evidence disclosed that the offense occurred in the automobile in which the victim was driven from her home and returned that was sufficient to give the trial court jurisdiction even though the offense may have occurred within or without the county where the case was tried. Also see: Commonwealth v. Brown, 71 Pa. Superior Ct. 575 (1919).

For the foregoing reasons, defendant's motions must be denied.

ORDER

Now, January 29, 1969, defendant's motions for new trial and in arrest of judgment are hereby denied.