Commonwealth *v.* Portalatin, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Mary Bell Hammerman,* for appellant.

*Richard D. Steel* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1972:

This case presents the issue of whether the reduced penalty for simple possession of heroin under the re-

cently enacted The Controlled Substance, Drug, Device and Cosmetic Act of 1972[1] is applicable to an offense committed prior to the effective date of the act, if *nunc pro tunc* motions in arrest of judgment and for a new trial were pending in the case after the effective date of the act. We hold that the penalty under the new act is applicable.

Defendant, on the evening of September 16, 1970, was observed by a police officer on a Philadelphia street in conversation with a juvenile male. The parties, who were standing close together with their hands held at the height of their waists, looked in the officer's direction. The officer glanced away; upon looking back, he saw a white object, later discovered to contain heroin, fall between the two individuals. As the officer approached, the subjects started to depart hurriedly. Upon this evidence, defendant was tried under The Drug, Device and Cosmetic Act of 1961[2] for possession of narcotics,[3] convicted in a nonjury proceeding, and sentenced on December 3, 1970, to 1½ to 3 years imprisonment.[4] No post-trial motions were made.

In response to defendant's Post Conviction Hearing Act[5] petition, Judge Ethan Allen DOTY of the court below found on March 28, 1972, that defendant had not been properly apprised of his attorney's appellate intentions and, on the authority of *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1968), granted him the right to file motions in arrest of judgment and for a new trial, *nunc pro tunc.* While these motions were pending, The Controlled Substance, Drug, Device and

---

[1] 35 P.S. §§ 780-101 to -144 [Pa. Leg. Serv. 165-94, 415 (1972)].

[2] 35 P.S. §§ 780-1 to -31.

[3] 35 P.S. § 780-4(q).

[4] Sentence was imposed under 35 P.S. § 780-20(c).

[5] 19 P.S. §§ 1180-1 to -14.

Cosmetic Act of 1972 went into effect.[6] Subsequently, the motions were denied on their merits. From that denial, defendant has perfected a timely appeal to this Court under Pennsylvania Rule of Criminal Procedure 325.

We agree with the lower court's denial of the motions in arrest of judgment and for a new trial; neither insufficiency of the evidence nor inadequate representation at trial has been demonstrated. When used to test the sufficiency of the evidence, these motions must be predicated upon the assumption that the Commonwealth's evidence was correct; the prosecution is entitled to all reasonable inferences therefrom. *Commonwealth v. Jackson,* 187 Pa. Superior Ct. 2, 144 A.2d 249, adopting opinion in 13 Pa. D. & C.2d 218 (1958). In light of the close proximity of the defendant and his companion, the positioning of their hands immediately prior to the dropping of the heroin, and their common flight immediately afterward, the trial court was justified in finding joint or constructive possession of the drug.[7] The assertion that defendant's representation

---

[6] Some confusion exists as to the exact date on which certain sections of the new act, including most sections pertaining to offenses and penalties, became effective. The act was approved on April 14, 1972; since it contained no express date of effectiveness, a date 60 days after approval was mandated by 46 P.S. § 504. However, a statute approved on June 27, 1972, attempted to relate the date of effectiveness of certain sections of the act back to April 14. 35 P.S. § 780-144 [Pa. Leg. Serv. 415 (1972)]. *See* Pennsylvania Bar Association, *Legislative Bulletin No. 13,* July 17, 1972, at 1.

Regardless of whether this latter statute was successful in its purpose, it is clear that all sections of the new act became effective while the defendant's *nunc pro tunc* motions were awaiting disposition, between April 3, 1972 (date of filing) and June 16, 1972 (date of denial). Consequently, it is certain that these motions were pending after the effective date of the act.

[7] The case cited by defendant in this regard is distinguishable from the present one on the facts. In *Commonwealth v. Tirpak,*

at trial was inadequate is likewise refuted by an examination of the record.

With regard to the applicability of the lesser penalties under The Controlled Substance, Drug, Device and Cosmetic Act of 1972, we conclude that the legislature's intent was to make applicable the act's sentencing provisions to cases pending, after the effective date of the legislation, on *nunc pro tunc* motions in arrest of judgment and for a new trial.

The statute provides: "In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law."[8] In *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 294 A.2d 805 (1972), this Court held (1) that a case on timely direct appeal after the effective date of the act was not yet "final," (2) that the penalty for simple possession of heroin under the new act was obviously "less" than that under the old act,[9] and (3) that the offenses of simple possession of heroin were "similar" under both acts. Consequently, *Commonwealth v. Simpson* was remanded for resentencing.

This case differs from *Simpson* in only two material respects. The effect of both differences depends upon an interpretation of the word "final" in the new act.

---

441 Pa. 534, 272 A.2d 476 (1971), the defendants were all at least 8 feet from the marijuana involved; the Court noted that a conviction in that case would have necessitated a finding of guilt on the basis of association, conjecture, suspicion or opportunity for crime.

[8] 35 P.S. § 780-139(a) [Pa. Leg. Serv. 194 (1972)].

[9] For a first offense such as defendant's in the present case, the maximum penalty under the new act is imprisonment of 1 year and a fine of $5,000; the offense is denominated a misdemeanor. 35 P.S. § 780-113(b) [Pa. Leg. Serv. 182 (1972)]. Under the old act, the maximum penalty was imprisonment of 5 years and a fine of $2,000; the offense was denominated a felony. 35 P.S. § 780-20(c).

First, this case was at an earlier procedural stage than was *Simpson* when the new act became arguably applicable to it. On the effective date of the act, the present case was pending on motions in arrest of judgment and for a new trial; *Simpson* was pending on appeal. The earlier stage of pendency in this case lends support to a view that it was not final.

Second, this case was pending on a *nunc pro tunc* basis when the new act became arguably applicable to it; *Simpson* was not. However, the fact that the definition of "final" adopted by *Simpson* does not distinguish between timely and *nunc pro tunc* pendencies, that the case from which that definition was taken specifically held *nunc pro tunc* pendencies to be not final, and that the legislature's use of the term "final" occurred after the decision in that case convinces us that cases awaiting disposition *nunc pro tunc* should not be deemed final.

The definition of "final" under the new act to be deduced from *Simpson* is: with the availability of appeal exhausted and the time for petition for certiorari elapsed. *See Commonwealth v. Simpson*, 222 Pa. Superior Ct. 296, 294 A.2d 805 (1972). No exception is made as to cases in which an appeal is available, but only by virtue of a *nunc pro tunc* order. Furthermore, the Pennsylvania Supreme Court case from which that definition was derived clearly rejected the view that any distinction in degree of finality existed between a *nunc pro tunc* pendency and a timely pendency. *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968). In *Little* the Court held that the *Miranda*[10] proscription against the use in evidence of tacit admissions was applicable to a case on *nunc pro tunc* appeal at the time of the decision, on the ground that the case had not become final. *Id.* In addition, the *Little*

---

[10] *Miranda v. Arizona*, 384 U.S. 436 (1966).

case, with this resolution of the meaning of the word "final," had been on record for several years prior to the legislature's use of the word in The Controlled Substance, Drug, Device and Cosmetic Act of 1972. It is a rule of statutory construction that "[w]hen a term has a well-settled meaning within the law of a jurisdiction, it is presumed that the legislature intended to convey such meaning when using the word in a statute." *Commonwealth v. 2101 Cooperative, Inc.,* 408 Pa. 24, 183 A.2d 325 (1962), *adopting opinion in* 27 Pa. D. & C.2d 405, 410 (1961).[11]

For these reasons, we hold that the reduced penalty for simple possession of heroin under the recently enacted The Controlled Substance, Drug, Device and Cosmetic Act of 1972 is applicable to this offense committed prior to the effective date of the act, where *nunc pro tunc* motions in arrest of judgment and for a new trial were pending in the case after the effective date of the act.

In a case requiring correction of sentence, this Court has the option of either remanding for resentencing or amending the sentence directly. 17 P.S. § 192. *Commonwealth v. Oxman,* 173 Pa. Superior Ct. 482, 98 A.2d 424, *allocatur refused,* 173 Pa. Superior Ct. xxv (1953), *cert. denied,* 347 U.S. 918 (1954); *Commonwealth ex rel. Graham v. Claudy,* 171 Pa. Superior Ct. 562, 91 A.2d 389 (1952); *Commonwealth v. Schultz,* 170 Pa. Superior Ct. 504, 87 A.2d 69, *allocatur refused,*

---

[11] An additional circumstance in the present case strengthening the view that it should be deemed not final is that had defendant filed timely motions his case might still have been pending after the effective date of the new act.

The defendant was convicted on December 3, 1970. As noted by the Pennsylvania Supreme Court, the case of *Commonwealth v. Dilworth,* 431 Pa. 479, 246 A.2d 859 (1968), had a pendency on timely direct appeal of over 4 years. *Commonwealth v. Little,* 432 Pa. 256, 260 n.2, 248 A.2d 32, 35 n.2 (1968).

170 Pa. Superior Ct. xxvi, *cert. denied,* 344 U.S. 868 (1952).

The order of the court below, denying motions in arrest of judgment and for a new trial, is affirmed. Defendant's sentence on bill 412, October Term, 1970, is reduced to 1 year imprisonment and the offense is denominated a misdemeanor.

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

I agree with the majority that under The Controlled Substance, Drug, Device and Cosmetic Act of 1972, appellant is entitled to a correction of sentence. I believe, however, that the instant case should be remanded to the court below for resentencing.

While we have held that it is within our power to correct or modify an excessive sentence,[1] it would belie our responsibility to impart just and fair sentences to undertake that delicate function without having a full picture of the defendant before the reviewing court.[2]

---

[1] There is authority for this Court to correct an excessive or illegal sentence. 17 P.S. §192 provides that the "superior court may . . . affirm, reverse, amend or modify any order, judgment or decree as it may think to be just. . . ." My research of the case law does disclose that this Court has exercised that power to correct an illegal sentence. I have found at least one case where we so acted. *Commonwealth v. Oxman,* 173 Pa. Superior Ct. 482, 98 A. 2d 424, *allocatur refused,* 173 Pa. Superior Ct. xxv (1953), *cert. den.,* 347 U.S. 918 (1954). On the other hand, the overwhelming number of cases have held that we should remand to the lower court for resentencing. *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972); *Commonwealth v. Pouls,* 198 Pa. Superior Ct. 595, 182 A. 2d 261 (1962); *Commonwealth v. Schultz,* 170 Pa. Superior Ct. 504, 87 A. 2d 69 (1952).

[2] A.B.A. Standards Relating to Appellate Review of Sentences, §1.2 recommends that the reviewing court should not correct a sentence unless it is in a position to consider all three of the follow-

Although we may without difficulty ascertain the statutory limits prescribed for the particular offense, I am unable to conclude that we have that degree of information on the character and history of the offender to make a rational determination.

As our Supreme Court has said, "[E]very fact that will aid in passing a proper judgment is relevant and should be taken into consideration. *And this includes not only the facts of the crime involved, but every bit of available trustworthy and pertinent information that will aid the court in determining the type of individual to be sentenced.*" (Emphasis added). *Commonwealth v. Bell,* 417 Pa. 291, 296, 208 A. 2d 465 (1965). Although this Court may have the power to impose sentence, I believe that correction of sentence, under the circumstances of the instant case,[3] should be undertaken by the court below where all pertinent information relating to the defendant may be considered.

The case should be remanded to the court below for resentencing consistent with the new act.

SPAULDING and PACKEL, JJ., join in this concurring and dissenting opinion.

---

ing factors: "the nature of the offense, the character of the offender, and the protection of the public interest."

[3] Originally, appellant was sentenced to one and one-half to three years imprisonment on a charge of possession of narcotics. The maximum sentence under the law in existence at the time of sentence was imprisonment of five years and a fine of $2,000 [35 P.S. §780-20(c)]. The new act fixes the maximum penalty at one-year imprisonment and a fine of $5,000 [35 P.S. §780-113(b)]. As the lower court did not impose the maximum sentence originally, I do not believe that we should automatically impose a maximum one-year prison term, just because it acts to lower an excessive sentence to come within the permissible limits of the new act.